JAMES C. H. McLEAN, as Trustee under Two Certain Trust Agreements, Respondent, v. JAMES C. H. McLEAN, Individually, et a ., Appellants.

LAURA M. SCHOFIELD, Individually and as Executrix of LESLIE A. McLEAN et al., Respondents.

*McLean* v. *McLean*, 174 App. Div. 152, affirmed.

(Argued May 2, 1918; decided May 17, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department,

entered October 21, 1916, affirming a judgment of Special Term construing the wills of James M. McLean (father), Cornelius McLean (son), and Leslie A. McLean (wife of son), deceased. By his will James M. McLean erected a trust for the benefit of his two sons and provided that each son by his will might direct and appoint the payment, transfer and conveyance upon his decease of a part or parts not exceeding in the aggregate one-third of the share whereof he shall have so enjoyed the life use, to or among my then living lineal descendants and his wife surviving or any or either of them. Both sons married. One (George H.) had children. The other (Cornelius) died without issue and by his will gave the use of the property over which he had power of appointment to his wife for life with power of appointment in her to designate by her will the division of the remainder between two named beneficiaries. The residue of his estate he gave to his wife (Leslie A.). She, by her will, after providing for several small legacies gave the residue of her estate to her sister. The representatives of James M. McLean and George H. McLean insisted that there was no execution of the power, and the fund, therefore, passed under the will of James M. McLean as if no appointment had been made by Cornelius McLean. The executrix of the will of Leslie A. McLean claimed that the power was executed and said fund became Leslie A. McLean's absolutely, and, therefore, passed under her will to be distributed in accordance with its provisions. The trial court held that under the residuary clause in the will of Cornelius, his wife was entitled to the fund and it passed under her will.

*Alton B. Parker, Albert B. Boardman* and *George E. Cogswell* for appellants.

*Arthur I. Strang* and *Clinton T. Taylor* for Laura M. Schofield, as executrix, respondent.

*Frederick W. Clark* for Mount Vernon Hospital, respondent.

*Arthur M. Johnson* for Martha Wilson Home, respondent.

Judgment affirmed, with costs payable out of the estate; no opinion.

Concur: HISCOCK, Ch. J., COLLIN, CUDDEBACK, CARDOZO, POUND, CRANE and ANDREWS, JJ.