In the Matter of the Estate of WILLIAM REMSEN, Deceased.
CENTRAL UNION TRUST COMPANY OF NEW YORK v. ———
BURNHAM and Others.

Supreme Court, Kings County, June 19, 1925.

Wills — construction — exercise of power of appointment limited as to beneficiaries but not as to amounts — valid portion of testamentary provision enforced if it does not vitiate or distort intent of testator.

Under a will, by which a testator establishes trusts in favor of his children and provides for the disposition of the corpus upon their death, and further authorizes each of his children, by will, to dispose of the share held in trust to certain classes of beneficiaries in such proportions and manner as he or she may think proper, the power of appointment or disposition, if exercised by the children, is limited as to the beneficiaries, or distributees, thereof, but not as to the amounts of the shares.

If a testamentary disposition is only partly good and valid, that part will be enforced provided it does not vitiate or unduly distort the general scheme or intent of the testator.

Accordingly, an exercise by one of the children of the power of appointment, valid in part, will be enforced, and the property attempted to be disposed of by the invalid provisions will pass under the will of the testator.

ACTION involving construction of will.

*Larkin, Rathbone & Perry,* for the plaintiff.

*Roger Sherman,* for the defendant William Remsen.

*Stewart & Shearer,* for Jane Remsen Thompson and another.

*De Forest Bros.,* for the defendants Elizabeth Remsen and another.

*O'Brien, Boardman, Parker & Fox,* for the defendant William De Forest Manice.

*Malcolm R. Lawrence,* for the defendant Jane Remsen Schultz.

*Edwards, Murphy & Minton,* for the defendant Jonathan Thompson.

*Laughlin, Gerard, Bowers & Halpin,* for John J. Halpin and another, as executors, etc.

VAN SICLEN, J. The will of William Remsen, deceased, created several trusts in favor of his children, and then provided: " On the death of each of the children mentioned in this third clause of my will, to convey, pay over and distribute the whole capital of the part or share allotted to the child so dying with all accumulations thereof, to and among the lawful issue, if any, of such deceased child, and if such child leave no lawful issue, then surviving, then to divide, distribute and pay over the said capital and accumulations in equal portions to and among the children then living of any surviving brothers and sisters including the children then living of any deceased brother or sister mentioned in this third clause of my will *per capita* and not *per stirpes.*"

In the absence of anything to the contrary, the disposition of the principal of said trusts would be dictated by the foregoing. By a subsequent clause in the will of William Remsen, deceased, the power of disposition of the principal of said trusts was, with certain limitations, passed on to the allottee or grantee of the power, as follows: " I authorize each of my children by a last will and testament to give, devise and bequeath the part or share so· held in trust for her or him under the third clause of this will to and among her or his lawful issue, if any, and in default of such lawful issue, then to and among her or his surviving sisters and brothers, and the lawful issue of any deceased brother or sister mentioned in the third clause of this will in such proportions and

manner and for such estates, and on such trusts and conditions as she or he may think proper."

Elizabeth Remsen, one of the testator's children and the grantee of one of the powers, died unmarried on February 1, 1925. By a last will and testament she exercised her power of disposition as follows: " Whereas my father William Remsen in and by his last will and testament authorized me by my last will and testament to give, devise and bequeath the part or share of his estate held in trust for me under the third clause of his will, I do hereby give, devise and bequeath the said share of my said father's estate so held in trust for me as follows: (a) To my niece Jane Remsen Schultz one-sixth of said share. (b) To my niece Elizabeth Remsen Darlington two-sixths of said share. (c) To my nephew William Remsen the remaining three-sixths of said share."

At the time of her death there survived: (1) Elizabeth Remsen, the younger; Lillian Livingston Franklin and William Remsen, children of Charles Remsen, a deceased brother of Elizabeth Remsen; (2) Sarah Remsen Mellon and William De Forest Manice, the children of Sarah Remsen Burnham, a surviving sister of Elizabeth Remsen. (3) Jane Remsen Schultz, Elizabeth Remsen Darlington, and Jonathan Thompson, the children of Jane Remsen Thompson, a surviving sister of Elizabeth Remsen.

The intention of the testator is plain. In default of any exercise of the power of disposition on the part of any grantee thereof, the principal of each trust fund should pass as provided in article 3 of his will. The power of disposition, if exercised by the grantee, was limited as to the beneficiaries or distributees thereof, but not as to the amount of the shares. As to the distributees it was limited (1) to the lawful issue of the grantee of the power, and, in default thereof, then distribution could be divided between surviving brothers or sisters of the grantee of the power and lawful issue of deceased brothers and sisters of the grantee. There is no authority to distribute to lawful issue of surviving brothers or sisters. Thus Jane Remsen Schultz's mother, Jane Remsen Thompson, a surviving sister of the grantee testatrix, could have taken such share as Elizabeth Remsen desired to give her, but there was no authority to give any share to Jane Remsen Schultz, the child of a sister of the testatrix, who survived the latter. It is conceded by all the parties hereto that the bequests to Jane Remsen Schultz and her sister, Elizabeth Remsen Darlington, are void. It is also conceded that the testatrix had the power to bequeath such share as she desired to William Remsen as one of the lawful issue of testatrix's deceased brother. It is further conceded by all except Jane Remsen Thompson that, while the bequest to Jane

Remsen Schultz and Elizabeth Remsen Darlington are ineffective, the bequest to William Remsen is effective and valid. Jane Remsen Thompson claims that the power must be executed by the grantee perfectly and that any exercise only partly valid is invalid *in toto*.

It has been held in many cases that, if a testamentary disposition is only partly good and valid, that part will be enforced provided it does not vitiate or unduly distort the general scheme or intent of the testator. (*Austin* v. *Oakes*, 117 N. Y. 577; *McLean* v. *McLean*, 174 App. Div. 152; affd., 223 N. Y. 695.)

In the case at bar, Elizabeth Remsen could have left three-sixths to William Remsen and made no disposition of the remaining three-sixths, and concededly the bequest to William Remsen would have been valid, and the remaining portion would have gone as provided in William Remsen's will. On the other hand, if Elizabeth Remsen had left three-sixths to William Remsen and three-sixths to Jane Remsen Thompson, both bequests would have been valid. It is apparent that William Remsen, deceased, had no scheme or intent as to the disposition of these trust funds other than that they should pass only to such of his children and grandchildren and in such shares as his deceased grantee should nominate and determine, and that, in the event that his grantee of the power should fail to exercise it, then he directed that the corpus of the trust funds, on the death of the grantee, should pass in equal shares to the grantor's grandchildren. Elizabeth Remsen, therefore, could have left the whole fund to William Remsen. Then how can her disposition of the one-half become invalid because she distributed only one-half? The remaining one-half would still go as the original testator desired, in the event that the grantee of the power has failed to exercise the power either in whole or in part.

Judgment is granted, construing the provisions in question to the effect that the bequest to William Remsen is valid and that the remaining one-half shall be distributed equally among the eight grandchildren of William Remsen, deceased, one-sixteenth to each, according to the disposition directed by William Remsen, deceased, in article 3 of his will.