In the Matter of the Estate of H. LOUISA MULFORD, Deceased.

Surrogate's Court, New York County, December 9, 1933.

*Compton, Dillon & Clark*, for the petitioner.

*William R. Murrin*, special guardian.

*Larkin, Rathbone & Perry*, for the trustee.

*Herbert C. Pentz*, appearing personally.

*G. Morris Pentz*, appearing personally.

FOLEY, S.   Two motions have been brought on in the accounting proceeding of the trustee.   The first is for the confirmation of the report of the referee appointed in the proceeding.   The second is an application by one of the remaindermen of certain of the trusts for leave to file supplemental objections to the account.   Originally objections to the account were filed by him but were withdrawn before the referee.   His application is founded upon the rendition by Surrogate SLATER of his decision in *Matter of Flint* (148 Misc. 474), which was handed down subsequent to the withdrawal of the original objections.   His application states that it was made " solely on the ground " that certain participations in bonds and mortgages made by the trustee — a trust company — are non-legal and improvident investments, under the decision in *Matter of Flint (supra)*.   There is no claim made by the remainderman that the trustee in making the investments acted in bad faith, or was guilty of negligence or of fraud or of any factual lack of prudence. There is no charge that the corporate trustee in making the investments did not comply with the requirements of subdivision 7 of section 188 of the Banking Law, as amended by chapter 385 of the Laws of 1917, or that such trustee did not comply with the

provisions of section 111 of the Decedent Estate Law or of section 21 of the Personal Property Law.

The application for leave to file supplemental objections is denied. I am not in accord with the preliminary observations of the learned surrogate who wrote in *Matter of Flint* or his determinations upon questions which he regarded as matters of law. If he determined that a corporate trustee could not, as a matter of law, invest the trust funds in mortgage participations, under subdivision 7 of section 188 of the Banking Law, in its amended form, the section itself furnishes the answer and supplies the authority for the legality of the investment. The economic situation which has arisen, particularly in respect of real estate and mortgages, in this city and generally throughout the country, does not justify a construction which does violence to the terms of the statute. The law authorized this specific form of investment by a corporate trustee. Where the trustee in good faith made such an investment under the authority of the statute, it should not be held liable for a surcharge. The responsibility for the form of the statute rested with the Legislature which enacted it. We are dealing with the law as it was written, not with how it should be changed in the light of present economic circumstances. The wisdom of a change in the policy of the Legislature is not a judicial question.

If the learned surrogate in *Matter of Flint* held that, as a matter of law, the investment by the corporate trustee, under subdivision 7 of section 188 of the Banking Law, was at its sole risk, and that the trustee was a guarantor of the maintenance and ultimate payment of the original amount invested, the terms of the statute again fail to sustain such construction. The amendment added to subdivision 7 of section 188 of the Banking Law by the act of 1917 contains not the slightest suggestion or inference of absolute liability or an absolute guaranty of payment. The terms of the amendment confirmed and ratified what had been previously judicially regarded as an investment legal for trust funds by a corporate trustee.

If the reasoning in *Matter of Flint* (*supra*) be sound, it may be extended in its application to a holding that an individual trustee, or an individual general guardian of an infant's property, could be surcharged for an investment in a guaranteed mortgage certificate. Despite the statutory authority which gave the representative of an estate the right to invest in such certificate as a legal investment, a surcharge might be decreed because guaranteed mortgage certificates have greatly depreciated in value and are not readily convertible into cash in the present market. A trustee who invests under statutory authority cannot be charged with a

loss because of a deficiency " of prevision and prophecy " as to subsequent happenings.   (*Matter of Clark*, 257 N. Y. 132, at p. 140.)

The alternative application of the remainderman for a stay pending the determination of the appeal in *Matter of Flint* (*supra*) is likewise denied.

The report of the referee is confirmed and the exceptions thereto are overruled.   Resubmit decree settling the account in accordance with this decision with the inclusion of a provision denying the application for leave to file supplemental objections.