In the Matter of the Estate of WALTER J. M. DONOVAN, Deceased.

Surrogate's Court, New York County, July 27, 1934.

*Allin, Tucker & Allen* [*William D. Tucker* of counsel; *Arad Riggs* on the brief], for the petitioner.

*Cohalan & Cohalan* [*John Van Valkenburgh* and *Thomas F. Cohalan* of counsel], for the intervenor.

*Frederick W. Sperling*, special guardian.

DELEHANTY, S. A construction of the will of deceased is made necessary because the trustee seeks a decree determining that the will gives to the trustee a power of sale, and also because an intervenor attacks the trust scheme of the will fundamentally and asserts a status as distributee by reason of intestacy.

The pertinent paragraphs of the will follow:

"*Sixth*. Should my said mother die before me however or should both of us die by one and the same accident which might occur, I dispose of the rest, residue and remainder of my estate both real and personal as follows, viz:

" I give and bequeath the same unto the Lawyers Title and Insurance and Trust Company of No. 160 Broadway, New York City, in trust for the time being to invest the same where not already invested and to keep the same invested, and with power from time to time to change and vary the investments in the discretion of the Committee of Finance of said Trust Company and to receive and collect the rents, issues, profits and income arising therefrom, and after paying from such income all taxes and other rates, charges and expenses upon or in respect of or incident to said trust property and the execution of these trusts including said Trustees own reasonable compensation and the costs of the administration of my said estate, to pay from said net income, the following annuities, viz:

" (1) To my uncle James N. Morris the sum of Five Thousand Dollars for and during the term of his natural life and to be paid semi-annually.

"'(2) To my cousin Cassie Eagar the sum of One Thousand Dollars for and during the term of her natural life and to be paid semi-annually.

" (3) To my cousin Elizabeth Eagar the sum of One Thousand Dollars for and during the term of her natural life and to be paid semi-annually.

" (4) To my cousin Minnie Murray the sum of One Thousand Dollars for and during the term of her natural life and to be paid semi-annually.

" (5) To my cousin Hannah Eagar the sum of One Thousand Dollars for and during the term of her natural life and to be paid semi-annually.

" (6) To my cousin Margaret G. Dowling all the rest, residue and remainder of said income as part of my residuary estate.

" *Seventh.* In case of the death of any of said annuitants prior to the death of my said cousin Margaret G. Dowling the annuity given to him or her shall be paid to said Margaret G. Dowling, and after the death of all of said annuitants said trust shall terminate and the principal of said trust fund with all its then accumulations of income shall fall into and become a part of my residuary estate and shall be paid over to my said cousin Margaret G. Dowling, her heirs or next of kin then living, if she shall be deceased, together with all my other real and personal property."

The validity of the trust must be determined in the light of the circumstances existing on the date of testator's death. (*Bishop* v. *Bishop*, 257 N. Y. 40.) Two only of the named annuitants were then living. Margaret G. Dowling was then living. If the life of Margaret G. Dowling is in any sense a measure of duration for the trust, it must be held invalid. Scrutiny of the provisions discloses that her death affects the distribution of income during the continuation of the trust and affects also the distribution of the trust principal upon its termination. Whether she lives or dies the trust term is fixed by the lives of the annuitants only. Since only two of these survived, there is no unlawful suspension of the power of alienation.

There is no direction in the will for an illegal accumulation of income. By the terms of the will Margaret G. Dowling succeeds to the interests of all annuitants who predecease her. Should she die before the termination of the trust, the income otherwise payable to her must be paid to her heirs and next of kin, who are the persons presumptively entitled to the next eventual estate, since they would take the remainder if Margaret G. Dowling predeceases either or both of the annuitants.

The will completely and validly disposes of the entire residuary estate. There is no intestacy as to any part of testator's property. Since the intervenor has no interest except as a distributee, it is

apparent that he has no standing in this proceeding and his notice of appearance may be stricken out on that ground.

When the entire scheme of the will is taken into account it is apparent that a power of sale of the realty must be implied, since otherwise the trustee would be unable, in a practical sense, to perform its duties. Accordingly I hold that such power of sale is given by the will.

Submit on notice decree in conformity with this decision.