In the Matter of the Estate of MINNIE WAXELBAUM, Deceased.

Surrogate's Court, New York County, June 24, 1935.

*Dean, King, Smith & Taylor* [*Daniel J. Mooney* of counsel], for the accounting trustee.

*Liebman, Blumenthal, Levy & Robbins* [*Walter H. Liebman, Jr.,* and *David Levy* of counsel], for the objectants.

FOLEY, S. In this accounting proceeding the objectants, the life beneficiary and the remainderman of a trust created under the will of the testatrix, attack the validity of two investments made by the corporate trustee in guaranteed first mortgage participation certificates. The certificates purchased by the trustee were issued by the Lawyers Title and Guaranty Company in the sum of $10,000 each and represent participation interests in bonds and mortgages

of the respective amounts of $185,000 and $575,000 on improved real property located in the county of Kings.

Paragraph ninth of the will, from which the powers of the trustee are derived, authorized investments as follows: " firstly, in mortgages upon improved and unencumbered real estate in the City of Greater New York, the amount of each loan not to exceed seventy per cent of the value of the mortgaged premises as appraised by my Executor or by any person or corporation engaged in the business of appraising real estate; secondly, in such securities as savings banks of the City of New York may, at the time of such investment, be authorized to invest their funds in."

The question to be determined is: Was there authority to invest in guaranteed mortgage participation certificates under either one of these two alternative grants of power? I hold that the terms of the will negative any such intention on the part of the testatrix.

Under the first group, the testatrix clearly meant whole mortgages not to exceed seventy per cent of the appraised value of the mortgaged property. She contemplated the making of loans directly by the trustee to the borrowers upon the security of mortgages upon improved and unincumbered real property located within the city of New York. Neither under the language of the will nor under the statutes in effect at the date of the execution of the will, in 1915 (Dec. Est. Law, § 111; Pers. Prop. Law, § 21; Banking Law, § 188, subd. 7), was there any authority to invest in shares or parts or interests in shares or parts of whole mortgages.

Under the second group, only those securities in which savings banks of the city of New York were permitted to invest in were authorized by the will. In *Matter of Doblin* (152 Misc. 406) I reviewed the statutes and authorities dealing with the powers of investments of fiduciaries generally. In that case the will authorized the trustees to invest " only in such securities in which savings banks of the State of New York are authorized to invest by the laws of the State of New York." I there held that the right to invest in guaranteed mortgage certificates had never been extended by legislative enactment to savings banks. The restrictions imposed upon savings banks against investments in guaranteed mortgage certificates apply with equal force here under the terms of the will. I accordingly hold that the trustee in making the investments complained of exceeded its authority. It will, therefore, be surcharged with the face amount of the certificates.

Submit decree on notice sustaining the objections accordingly and settling the account.