In the Matter of the Estate of HENRY JONES, Deceased.

Surrogate's Court, New York County, October 14, 1936.

*Maroney & Ettinger*, for the objectants, Wilbur M. Jones and Helen E. Jones.

*Eisman, Lee, Corn & Lewine*, for the trustee, Central Hanover Bank and Trust Company.

*Max Schorr*, for Samuel M. Jones, objectant.

*Edmund J. Delany*, special guardian.

FOLEY, S. In this accounting proceeding objections have been filed to certain investments made by the trustee in mortgage participations, on the ground that they were illegal and unauthorized under the terms of the will. The powers and duties of the trustee with respect to new investments are found in paragraph tenth of the will, which reads as follows: " new investments shall be in mortgages covering real property in the City of New York, and I direct with respect to such mortgages that (a) the amount invested in any one mortgage shall not exceed the sum of Fifty thousand dollars ($50,000), (b) if the mortgage be guaranteed by any company of high standing whose chief business is the sale of mortgages with the guarantee of said company, then no appraisal of the value of the property need be obtained, and (c) if no such guarantee is obtained, then the amount of the mortgage shall not exceed sixty per cent. (60%) of the appraisal of a real estate appraiser (corporation or individual) of high standing whose principal place of business is in the City of New York. The judgment of my trustees as to the standing of any mortgage guarantee company or appraiser shall be binding."

In my opinion, the provisions of the foregoing paragraph do not restrict the reinvestment of the testator's property to whole mortgages. Under its language, investments in parts or shares of whole mortgages are not unauthorized. They are limited merely (1) to mortgages on real property within the city of New York, (2) to investments not exceeding the amount of $50,000 in any one mortgage, and (3) to investments in guaranteed mortgages, and if not invested in guaranteed mortgages, then in mortgages not to exceed sixty per cent of the appraised value of the property upon which the mortgages are liens.

Investments of trust funds by fiduciaries generally in shares or parts of a whole mortgage, when the ownership of the whole mortgage is in a corporate trustee and within its exclusive control and supervision, have been frequently sanctioned and approved

by the courts of this State and authorized by statute. (*Matter of Union Trust Co.* [*Hoffman Estate*], 219 N. Y. 514; *Matter of Flint*, 240 App. Div. 217; affd., 266 N. Y. 607; *Matter of Mulford*, 149 Misc. 728; *Matter of Frazer*, 150 id. 43; *Matter of Froelich*, Id. 371; *Matter of Hamersley*, 152 id. 903; *Matter of Doblin*, Id. 406; Banking Law, § 188, subd. 7.) An investment in a participation in a mortgage is, in effect, an investment in a mortgage, and unless restricted by the terms of a will or barred by statute will be recognized as legal. (*Matter of Hall*, N. Y. L. J. May 27, 1936, p. 2712; *Matter of Semken*, Id. June 26, 1936, p. 3260; *Matter of Dalsimer*, 160 Misc. 906.) I find no such restriction or bar here.

*Matter of Waxelbaum* (156 Misc. 45), cited by the objectants to support their contention that the investments made by the trustee here were unauthorized under the provisions of the will, is distinguishable from the instant will and has no application because of the particular language there used and the investments there made.

Proceed accordingly.