**In the Matter of the Estate of CHARLES P. PHELPS, Deceased.**

Surrogate's Court, New York County, July 14, 1944.

*Elmer J. Hoare* for City Bank Farmers Trust Company, trustee, petitioner.

*Harry H. Oshrin* for Minnie B. Phelps and another, respondents.

*Charles F. Evans,* special guardian for Joan Stevenson and others, infant contingent remaindermen, and attorney for Elias Lyman 7th and another, persons in military service, contingent remaindermen.

FOLEY, S. In this trustee's intermediate accounting, similar objections to the account have been filed by the two adult beneficiaries of the trust and by the special guardian representing infant contingent remaindermen of the trust. The main issue raised by the objections is whether or not the trustee in making investments violated the investment powers contained in the will. This question is submitted to the court for decision upon a filed stipulation of facts entered into by the interested parties and memoranda of law.

The testator died on January 13, 1912. By the second and third paragraphs of his will he created a trust of certain property the income from which is payable to his widow for life and upon her death to a daughter until the daughter attains the age of thirty-five years. The widow and daughter are still living. The remainder of the fund will ultimately vest in the daughter or in her issue or in default of issue in the issue of one Elias Lyman. The infant issue of the daughter and of Elias Lyman are represented by the special guardian.

In respect of the management of the trust fund, the second paragraph of the will authorizes the trustee " to hold the said securities or in its discretion to sell the same and reinvest the proceeds thereof in securities that *shall be tax exempt under the laws of the State of New York,* so that it may produce a regular income  *  *  * " (italics mine).

The objectants contend that under this language the trustee could invest only in securities the income from which in the hands of the income beneficiary of the trust would be exempt from tax under the income tax laws of the State of New York. In the stipulation of facts it is conceded that the trustee made investments in mortgage participations subsequent to May 14, 1919, the effective date of the first income tax law enacted by the State of New York (L. 1919, ch. 627), and that at the time of purchase there were available securities the income from which was exempt from such income tax. It is further stipulated that these investments were participations in mortgages on which the mortgage recording tax was duly paid and that said investments would have been exempt from any personal property taxes imposed by the laws of the State of New York and in effect at the date of the testator's will and at the date of his death had the investments been made at such times.

The contention of the objectants that the testator in the quoted provision of the will was referring to income taxes is overruled and the objections based thereon are dismissed. I hold that the testator in the use of the phrase " tax exempt under the laws of the State of New York " clearly intended securities which were exempt from the personal property tax imposed by this State. He did not have in mind income taxes of this State which were for the first time enacted into the law on May 14, 1919, more than seven years after the making of the will. The intent of the testator must be ascertained as of the date of the making of the will on January 10, 1912. (*Matter of Hoffman,* 201 N. Y. 247; *Morris* v. *Sickly,* 133 N. Y. 456; *Central Trust Co.* v. *Skillin,* 154 App. Div. 227; *Matter of Underhill,* 176 Misc. 737; *Matter of Gould,* 172 Misc. 396; *Matter of Hoagland,* 125 Misc. 376.) At that time the term " tax exempt " was widely recognized as referring to securities exempt from personal property taxes. Advertisements in the *Commercial and Financial Chronicle* of that period (photostat copies of which are attached to the stipulation of facts) offered for sale securities which were " tax free ", " free of tax " or " tax exempt " in New York State. Likewise the Tax Law of the State of New York contained specific reference to various types

of investments which, under certain conditions, the Comptroller of the State of New York would indorse with the phrase " exempt from taxation " and which thereafter would be free from all taxation in the State or in any of the municipalities or local divisions of the State. Clearly such were the taxes contemplated by the testator and not the New York State income tax which was not then in existence. If the income tax was intended the testator undoubtedly would have included in his will reference to the Federal income tax which was the subject of discussion at the time of the making of the will and which became effective in 1913.

That the testator was not referring to income taxes is further demonstrated by the fact that he authorized the trustee to hold as part of the corpus of the fund certain securities, the income from which in the hands of the beneficiary of the trust would be subject to income taxes by the State of New York if such securities had been retained by the trustee.

In their memorandum the adult beneficiaries argue that the investments made by the trustee were improper because the trustee had purchased the mortgage participations from itself. This contention was not made the subject of objection and therefore is not an issue before the court. If the matter had been properly presented by objection it would nevertheless have been overruled. (*Matter of Union Trust Co.* [*Hoffman Estate*], 219 N. Y. 514; *Matter of Flint*, 240 App. Div. 217, affd. 266 N. Y. 607; *Matter of Jones*, 161 Misc. 795, and cases cited therein.)

The objections to the account based upon the contention that the trustee violated the powers of investment contained in the will are therefore overruled.

(Other directions included in the original decision of the Surrogate omitted because of their subordinate importance.)