In the Matter of the Will of MAGGIE LANGENDORFER, Deceased.

Surrogate's Court, Erie County, November 27, 1944.

*Robert L. Strebel* for Gertrude Langendorfer, petitioner.

*M. Edwin Merwin,* special guardian for Robert C. Langendorfer and others, infants.

VANDERMEULEN, S. In her will, Maggie Langendorfer provided as follows: " Paragraph Fourth: All the rest, residue and remainder of my estate, real, personal and mixed, and wheresoever the same may be situated, I give, devise and bequeath to my grandchildren, share and share alike, with provision that the share of each child shall be placed in the Erie County Savings Bank until he or she reaches the age of twenty-one."

The said remainder consists of both real and personal property. The will nominates and appoints Gertrude Langendorfer, the mother of the said three grandchildren, as executor and provides further " and it is my wish and will that my executor be not required to furnish any bond or other security for the faithful performance of her duties in that behalf."

The instrument was apparently drawn by an attorney. No direct power of sale is contained in it.

The first question: Is there an implied power of sale that can be validly exercised to convert the real property into personalty? I hold there is. A power of sale to the executor need not be expressed but may be implied where the testamentary scheme of the testator would otherwise be defeated. (*Salisbury v. Slade,* 160 N. Y. 278; *Matter of Donovan,* 153 Misc. 593; *Matter of Shear,* 156 Misc. 891.)

The next question: Does " Paragraph Fourth " of the will herein create a valid trust for the benefit of the grandchildren until each respectively attains his or her majority or is there a vested remainder in each grandchild? I would be inclined to doubt that this provision constitutes a valid trust were it not for the fact that only through the exercise of the implied power

of sale by the executrix can the intention of the testator be carried out and through the exercise of this power of sale some authority over the funds during the minority of the infants is implied.

It is true that a general guardian could be appointed who would have custody of the funds. But would this general guardian, not being a testamentary guardian, in the investment or custody of the money be subject to the mandatory direction that the money be placed in the bank until the children reach the age of twenty-one? Probably he would not. Who, other than a trustee under an implied trusteeship, would be more directly responsible for the execution of the intention of the testator, which if at all possible must be followed.

In *Matter of Bay* (178 Misc. 737, 739, citing *Felter* v. *Ackerson*, 35 App. Div. 282) it was said: " Even though there is no express bequest or devise to a trustee such may be implied in view of the evident intention to create a trust."

The direction in this will might well be likened to a direction of a testator that money be invested in a specific manner.

I therefore hold that " Paragraph Fourth " creates a trust for the grandchildren of the said deceased and that the executrix is the trustee.

Submit decree in accordance with this decision.