In the Matter of the Accounting of GUARANTY TRUST COMPANY OF NEW YORK, as Trustee under a Deed of Trust Executed by GEORGE K. DAVIS.

Supreme Court, Special Term, New York County, January 11, 1946.

*Hill, Lockwood & Redfield* for Guaranty Trust Company of New York, as trustee, petitioner.

*Mitchell, Capron, Marsh, Angulo & Cooney* for City Bank Farmers Trust Co., as trustee, and another, respondents.

*Edward A. McInness,* attorney designated by the Alien Property Custodian (*James L. Duncanson* of counsel), for Simone Maube and others, respondents.

*Joseph Trachtman* for Marie L. Weller, respondent.

SHIENTAG, J. This is a proceeding brought by the petitioner, Guaranty Trust Company of New York, trustee under a certain deed of trust dated May 21, 1930, as amended, for the judicial settlement of its account. The petitioner also requests instructions as to whether Yvonne Gerard Davis effectively exercised the power of appointment granted her by the amended deed of trust.

Yvonne Gerard made her last will November 19, 1929. In clause 3 of that will she exercised all powers of appointment " which have been conferred upon me or which may be conferred upon me by a certain Instrument of Trust dated March 11, 1924, executed by and between George Kidder Davis and the National City Bank of New York and by any other Instruments of Trust or other instruments whatsoever." She exercised such powers of appointment over all property " in connection with which I have or may have Power of Appointment," in favor of George Kidder Davis; if he should predecease her, to her mother and sister, and to the survivor if either should predecease her. At the time she executed this will she had a power of appointment under a trust which had been created in 1924 by Mr. Davis, and another power of appointment contingent upon certain happenings, under another trust created by Mr. Davis. Consequently the language of clause 3 is clearly adapted to the situation in which Yvonne Gerard found herself when she made her will in 1929.

In 1930 Mr. Davis set up another trust for her benefit, the trust with which we are concerned in this proceeding. Thereafter he married Yvonne Gerard. In 1940 and 1942, by amendments to that 1930 deed of trust, she was given power to appoint either absolutely or for life to her descendants or to any of her brothers or sisters or their descendants.

The residuary clause of Mrs. Davis' will of 1929 (she then being Yvonne Gerard) was in the usual form and made no reference to any powers of appointment. That residuary clause made the same disposition of the property of the testatrix as she had made in clause 3, which purported to exercise her powers of appointment: to Mr. Davis if he survived her; if not, to her mother and sister, and to the survivor of them if one should predecease her.

When Mrs. Davis died in 1943, her sister survived her. Her mother and Mr. Davis had predeceased her, the latter by some twenty-four hours. Thus her only beneficiary surviving her was a person within the class specified in the limited power of appointment.

The question in this case is whether the power of appointment given Mrs. Davis in the deed of trust of 1930, as amended, was exercised by the residuary clause in her will. Section 18 of the Personal Property Law provides as follows: " Personal property embraced in a power to bequeath, passes by a will or testament purporting to pass all the personal property of the testator; unless the intent, that the will or testament shall not operate as an execution of the power, appears *therein* either expressly or by necessary implication." (Italics mine.) Section 176 of the Real Property Law is substantially to the same effect except that the word " therein " is omitted.

(1) The power of appointment conferred upon Mrs. Davis was limited to a class. It was, therefore, a special power (Real Property Law, § 135, subd. 1; *Hillen* v. *Iselin,* 144 N. Y. 365). The will of Mrs. Davis, although executed in 1929, spoke as of the time of her death in 1943 (*Matter of Goldberg,* 275 N. Y. 186, 192; *Matter of Flewwellin,* 122 Misc. 256, 258; *Matter of Lavine,* 167 Misc. 879). A general power of appointment may be validly exercised by a will made before the power was created (*Hirsch* v. *Bucki,* 162 App. Div. 659; *Penna. Co. for Ins. on L. & G. A. Account,* 264 Pa. 433; *Hamilton* v. *Fla. Natl. Bank of Jacksonville,* 112 Fla. 566). The same rule applies to the exercise of a special or limited power of appointment (Restatement, Property, § 344, Comment a).

(2) Section 18 of the Personal Property Law and the companion section of the Real Property Law apply to special, as well as to general, powers of appointment. The statutes do not distinguish between the two, nor has any such distinction been made in the cases, although it was urged upon the courts (*Lockwood* v. *Mildeberger,* 159 N. Y. 181; *McLean* v. *McLean,* 174 App. Div. 152, affd. 223 N. Y. 695; see, also, *Stone* v. *Forbes,* 189 Mass. 163, 169).

(3) The case of *Lockwood* v. *Mildeberger (supra)* is, I believe, decisive of the question here involved. Obviously, here, as in that case, the testatrix was not thinking specifically of the power conferred upon her by the 1930 deed of trust, as amended. She was unaware of the provisions of the power because it had not been conferred upon her when she executed her will in 1929.

In that will she declared unequivocally that she intended to execute any future powers which might be conferred upon her. "It was the rule of the common law that whether a particular disposition should be treated as an execution of a power was a question of intention, and that the several provisions of a will should be carefully considered for the purpose of ascertaining whether the party really meant to execute the power or not. * * * The common-law rule, however, has been changed by legislative enactment." (*Lockwood* v. *Mildeberger*, 159 N. Y. 181, 185, *supra*.) In view of the statutory presumption, it is unnecessary that the testatrix should have had an actual intent to execute the power, "for the statute steps in and sends the property, subject to the power, in the same direction as that in which the testatrix has sent her own property" (*Lockwood* v. *Mildeberger, supra*, p. 188). When, therefore, the testatrix disposed of all of her property by the residuary clause of her will, she is deemed to have executed any powers · of appointment possessed by her unless it appears expressly or by necessary implication from the language of the will that it was not her intent that the will should operate as an execution of the power. "It will not suffice to indulge in assumptions, for the law requires that the intent not to execute the power must appear either expressly or by necessary implication. Necessary implication results only where the will permits of no other interpretation. Necessary is defined to mean: 'Such as must be;' 'Impossible to be otherwise;' 'Not to be avoided;' 'Inevitable.' The intent not to execute the power, therefore, must not be implied unless it so clearly appears that it is not to be avoided." (*Lockwood* v. *Mildeberger, supra*, p. 186.) There was, of course, no express provision in the will indicating that the testatrix intended not to exercise the power.

. It is urged, however, that because the will designated as beneficiaries some persons who could not lawfully be the objects of the exercise of the special power, that gave rise to a necessary implication that the testatrix did not intend to exercise her power of appointment. That, I believe, presents the only question concerning which there is room for a legitimate difference of opinion in this case. If the will had been drawn with knowledge on the part of the testatrix of the existence of the power and of its limitations, it might well be argued that, having designated as the beneficiaries of her residuary estate persons who did not come within the scope of the power conferred in the deed of trust, it must necessarily be implied that the testatrix did not intend to exercise that power. But here the will

was executed before the power had been conferred and without any knowledge of its terms. Under those circumstances, it was not a necessary implication that the power was not intended to be exercised.

It is true, also, that if the ineligible appointees designated in the will (the husband or the mother of the testatrix) had survived the testatrix, not even the statutory presumption would have given validity to the purported exercise of the power. Fortuitously, however, the only beneficiary who survived the testatrix (the sister) was one in whose favor the special power of appointment could validly be exercised. If it were a question of actual intent on the part of the testatrix to exercise the power, the intent would have to be determined as of the time the will was executed. (*Matter of Phelps*, 184 Misc. 278.) Where, however, the only question is the validity of the purported exercise of the power, that validity depends not upon the time when the will was executed, but upon the time when the will became effective, i.e., upon the death of the testatrix. (*Matter of Donovan*, 153 Misc. 593, affd. 243 App. Div. 597; *Matter of Costello*, 147 Misc. 629; *Matter of Cokefair*, N. Y. L. J., Feb. 16, 1940, p. 739, col. 3.)

There have been cases where the courts have found, from evidence outside of the four corners of the will, that an intent not to exercise a power existed (*Chase Nat. Bank* v. *Chicago Title & Trust Co.*, 246 App. Div. 201, affd. 271 N. Y. 602; *Guaranty Trust Co.* v. *Halsted*, 245 N. Y. 447). In *Chase Nat. Bank* v. *Chicago Title & Trust Co.* (*supra*) the donee of a power had signed a formal instrument, the express purpose of which was to extinguish the power (although perhaps it did not have that legal effect). The court relied on that circumstance in concluding that there was a clear-cut rebuttal of the statutory presumption. The donee of the power had done everything she could do to extinguish her power. In *Guaranty Trust Co.* v. *Halsted* (*supra*) to have held that an appointment was effected by operation of the residuary clause would have resulted in unlawful accumulation of income and in the possible receipt by legatees under the will of benefits which were manifestly different than those intended for them.

In the instant case the operation of the residuary clause, in passing the principal of the trust to the sister, is a perfectly legal result and not only does not conflict with the donee's general testamentary plan, but is entirely consonant with it. There is nothing in the circumstances to suggest that the testatrix did not want her sister to be the general object of her

bounty for all purposes. Indeed, all the indications are that she did so desire. The application of the statutory presumption created by section 18 of the Personal Property Law would send the property, subject to the power, in the very direction of the intention of the testatrix. *Stewart* v. *Keating* (15 Misc. 44) is, in its general tenor, inconsistent with the conclusions here reached; but that case must yield to the later authorities on the subject, particularly *Lockwood* v. *Mildeberger* (159 N. Y. 181, *supra*) and *McLean* v. *McLean* (174 App. Div. 152, affd. 223 N. Y. 695, *supra*).

Settle order in accordance with the foregoing determination, approving the account of the trustee as filed and making provision for the retention of an appropriate sum, as a reserve, for the payment of taxes.