Edgar F. Hazleton, S.
The construction question submitted herein is answered as follows: The testator died in a common disaster with his wife, Anna Wiggert, and his will has been admitted to probate by this court. The specific devise of real property of the decedent to his wife was conditioned on her surviving him so that under the facts here presented, the legacy must be deemed to have lapsed and fallen into the residuary estate. Since there is no evidence that the decedent’s widow survived him, subdivision 1 of section 89 of the Decedent Estate Law is applicable and accordingly the realty devolves under the residuary clause of the testator’s will. The residuary clause (Par. Fourth) of the will provides for a division of all property into three equal parts. One such part was to go to the widow, *859 if she survived the testator, while the other two parts were bequeathed to the Village of Nendorf, Hanover, Germany, for the purpose of establishing a charitable foundation. The will also empowered the executor to sell any real property of the decedent. It is apparent that, in order to pay the bequest in money to the foreign beneficiary, as specified in the will, the realty must be sold and the exercise of the executor’s power of sale is necessary in order to accomplish the purposes of the will. Even if the intent to pay in money were not so clearly stated, such an intent would have to be spelled out of the language of the entire will, the nature of the bequests and the indicated utilization of these funds by the foreign beneficiary under the terms of the will. With respect to this bequest, the will provides: “Said moneys shall be paid to the Mayor and Trustees of the Village for the purpose of creating a fund to be know as frau dorette knock stiftung, a charitable foundation, to be invested in real estate ”. (Italics added.) It is clear that the testator intended that the realty owned by him in the United States be sold and the appropriate share of the proceeds paid to the German beneficiary, who in turn was to invest the same in realty. Under such circumstances, an equitable conversion of the realty herein to personalty must be deemed to have resulted, since without such a conversion, the manifest intent of the testator would be frustrated. (See Matter of Tatum, 169 N. Y. 514, 517; Matter of Langendorfer, 183 Misc. 824; Matter of Kazanjian, 53 N. Y. S. 2d 275, 279; Matter of Speranza, 140 N. Y. S. 2d 551; 3 Bradford Butler on New York Surrogate Law and Practice, § 2128, 3 Warren’s Heaton on Surrogates’ Courts, § 256, pars. 1, 3.)
The executor also seeks approval of a sale of the realty in accordance with a contract of sale annexed to his petition. The proposed sale appears to be in the best interests of the estate, and since no objection has been interposed to such relief, the executor is directed to so sell and the terms of sale are approved.
Submit decree.