Joseph A. Cox, S.
In this proceeding for the judicial settlement of .the account of trustees the petition requests that it be determined whether or not a limited power of appointment granted by the will of this testatrix was validly exercised by the donee, the beneficiary of the trust for which the trustees are here accounting. This trust, for the benefit of the testatrix’ nephew, was one of three residuary trusts created respectively for this nephew and two nieces of the testatrix. Each of the trust beneficiaries was granted the special power to appoint the principal of his, or her, trust to a spouse, the descendants of the beneficiary and their spouses, the brother and sisters of the beneficiary, and the descendants of the brother and sisters. The testatrix provided that, in default of the exercise of the power, (1) one half of the trust principal not effectively disposed of be continued in trust for the benefit of the surviving spouse of the initial beneficiary and, upon the death of such spouse, such portion of the principal be paid to the descendants, per stirpes, of the initial beneficiary or, if there be no such descendant, to the descendants, per stirpes of the beneficiary’s brother and sisters, and (2) the remaining half of the principal, or the entire principal in the event the initial beneficiary was not survived by a spouse, be paid to the descendants, per stirpes, of the initial beneficiary or, in the absence of such descendants, to the descendants, per stirpes, of the brother and sisters of the initial beneficiary.
*275 The will of this testatrix was executed in 1939 and some four years prior to this time she had executed an inter vivos trust for the benefit of her nephew with respect to which she granted him a general power to appoint the trust principal. The testatrix died in 1943; and in 1949 the nephew, referring to appropriate provisions of the Internal Revenue Code, executed a partial release of the special testamentary power of appointment and a partial release of the general power of appointment granted him in the trust indenture. With respect to each power the donee reserved the power to appoint to his wife, his descendants and the spouses of his descendants.
The donee of the power died in 1962 and his will, executed in 1961, was admitted to probate in Arizona where he resided. His will released the power of appointment under the inter vivos trust by direct reference but made no explicit mention of the testamentary power of appointment. The will contained a general residuary provision disposing of all of the rest, residue and remainder of the testator’s property wherever situated, to his wife and his children with substitutionary gifts to the descendants of the latter.
Children of the donee assert claims to portions of the appointive property upon the basis that the residuary provision of the donee’s will constituted a valid exercise of the limited power of appointment which he had retained. The special guardian representing infant descendants of the donee and infant descendants of the donee’s sisters takes a contrary position. These infants are related to the testatrix as great-grandnephews, great-grandnieces, great-great-grandnephews, a great-great-grand niece and a great-grandson. It is the contention of the special guardian that the donee, by omitting a reference in his will to the testamentary power, did not exercise the power and his silence in the will evidences an intention not to exercise such power. Lacking an effective exercise of the power the disposition in the donor’s will would be effective and the wards of the special guardian would acquire contingent remainder interests in one half of the appointive property.
The law of the donee’s domicile is not controlling upon this issue. The validity and effectiveness of the exercise of a power granted by the will of a resident of this State involving property in this State is governed by the laws of this State (Matter of New YorK Life Ins. & Trust Co., 157 App. Div. 916, affd. 209 N. Y. 585; Matter of Fowler, 31 Misc 2d 62; Matter of Deane, 4 N Y 2d 326). This principle recently has been reaffirmed in Matter of Bauer (14 N Y 2d 272).
*276 ■ Section 18 of the Personal Property Law clearly and unambiguously creates a presumption in favor of a testator’s intent to dispose of all of his property unless an intent to the contrary expressly appears in a will or may be gathered by necessary implication. Evidence existing dehors the will is not admissible to rebut this presumption (Matter of Deane, supra). The extraneous information which has been amassed and submitted in support of the contention that the life beneficiary did not intend to exercise the power cannot be considered in a determination of this issue. An attempt by a testator to dispose of all of his property operates as an execution of a power of appointment and proof of such an intention is not necessary inasmuch as the statute steps in and provides such intention (Lockwood v. Mildeberger, 159 N. Y. 181; McLean v. McLean, 174 App. Div. 152, affd. 223 N. Y. 695). There is no contrary intent explicit in this will or which can be gathered by necessary implication to rebut the presumption that the life beneficiary intended to exercise the power of appointment vested in him. The assumptions and supposition indulged in to support the argument that, after careful consideration the donee did not intend to exercise the power, lend themselves even more strongly to the opposite conclusion. If, after such careful consideration, the life beneficiary decided not to exercise the power, it would follow that he would expressly set forth such intention in his will. Such action would be consistent with his care in providing explicitly that the power of appointment vested in him under the inter vivos trust was released.
Nothing in the statute or any decided case indicates that one rule of law applies to a general power of appointment and a different rule applies to a limited power (Lockwood v. Mildeberger, supra; Matter of Thorne, 9 Misc 2d 126, affd. 6 A D 2d 783, affd. 6 N Y 2d 967; McLean v. McLean, supra; Matter of Davis, 186 Misc. 397).
The dispositions in the residuary article of the donee’s will are consistent with the limited power which the donee reserved to himself at the time he executed a partial release of the power. The text of his will contains no indication that he was relinquishing the power so reserved and section 18 of the Personal Property Law presumes that he intended to exercise his privilege. It is held that the will of the donee of the power validly and effectively exercised the power of appointment vested in him and the property embraced by the said power of appointment is to be distributed in accordance with the residuary clause of the donee’s will. Proceed accordingly/ ; . .