(21 Misc. Rep. 354.)

### ALVORD et al. v. SHERWOOD et al.

(Supreme Court, Special Term, Onondaga County. September, 1897.)

1. WILLS—CONSTRUCTION—TRUST ESTATE.

Testator by certain clauses of his will devised to his executors certain real estate in trust to receive the rents and pay them annually to a certain daughter, with power to sell such premises, if she should so request, and invest the proceeds, and pay the annual income to her. By a codicil he modified such clauses by requiring the executors to sell the land thereby devised, at their discretion, and pay the proceeds absolutely to such daughter. By subsequent clauses of the will he required the executors to sell all the real estate not otherwise devised, and gave and bequeathed to them all his personal estate and the proceeds of such real estate in trust to pay funeral expenses and debts, a certain sum annually for the education of his daughters, and to divide the remainder equally among his children. By a later codicil he bequeathed and devised to a trustee that portion of his estate which he had "before bequeathed, conveyed, and devised" to such daughter, giving to such trustee the exclusive possession, control, and management thereof, to pay to such daughter the annual income thereof during her life, with remainder over after her death to the children of her body, and in default thereof to testator's children, to be distributed, divided, and paid over by such trustee. The trustee purchased of the executors, for the benefit of such daughter, certain of the real property of testator's estate, investing therein a portion of the amount due him as such trustee on settlement with the executors; and the daughter claimed that, as such property was produced under the clauses of the will providing for the distribution of the residue of testator's estate, it should be conveyed to her free of any trust. *Held*, that the last codicil created a trust of all the property which testator had "before bequeathed, conveyed, and devised" to such daughter by the several clauses of the will superseded thereby, and included in such trust any property which the trustee might acquire by investment of funds received by him on distribution of the residue of testator's estate.

**2. TRUSTEES—POWER OF SALE.**

Such trustee had no power, during the life of his cestui que trust, to sell and convey any portion of the real estate devised to him by the last codicil of such will, as the power of sale originally conferred on the executors was ,in no manner preserved and transferred to such trustee.

**8. SAME ·IMPLIED POWER.**

Nor can such power be implied in the absence of any showing of necessity for its exercise.

Action by Horace Alvord, as trustee under the last will and testament of Dioclesian Alvord, deceased, and others, against Elizabeth K. Sherwood and another, to construe portions of the will of decedent.

E. H. Burdick, for plaintiffs.

L. L. Waters, for defendants.

HISCOCK, J. Dioclesian Alvord died leaving a will with several codicils, the material portions of which in this action are as follows: By clauses 15 to 18 of this will he in substance devised unto his executors certain pieces of real estate in trust to receive the rents, etc., and pay them annually to his daughter, Elizabeth K. He authorized, empowered, and required said executors, during the life of said daughter, if she should so request, and at her death, if she should not so request, to sell said premises, and to invest the proceeds, and pay the annual income thereof to said daughter if the premises had been sold during her life, and to pay the principal moneys arising from the sale of said land to the children born of said daughter and to their heirs under certain restrictions with reference to the age at which such payments be made. In case said daughter died unmarried or leaving no children, then said moneys were to go to her brothers and sisters her surviving and to their heirs, etc. By codicil to said will No. 3 the testator modified the clauses hereinbefore referred to, and required the executors to sell and dispose of the land thereby devised at such times and in such parcels and for such prices and on such terms as to the times of payment as to them should seem proper, and pay the proceeds of such sale or sales over absolutely to said daughter, certain restrictions again being imposed with reference to the age at which such payments should be made. By clauses 23 and 24 of his will, the testator, in substance, required his executors to sell all the real estate of which he might die seised, except such as was otherwise expressly devised, and gave and bequeathed to his executors all his personal estate. and all the proceeds of his real estate directed to be sold as aforesaid, in trust to pay funeral expenses and debts, a certain sum per year for the education of his daughters, and lastly to divide the remainder equally among all of his children him surviving and the heirs of dead children, etc. There were no other provisions in said will or codicil which affected the defendants until codicil No. 6 was added, which provided as follows:

"I do hereby bequeath, convey, and devise so much of my estate, both real and personal, as I have before bequeathed, conveyed, and devised to my beloved daughter Elizabeth K. Alvord, now Sherwood, to my son Horace Alvord as trustee, for the use, benefit, and advantage of my said daughter Elizabeth; and I do hereby order and direct that my said son Horace, as such trustee, shall have the whole and exclusive possession, control, and management of

such portions so heretofore bequeathed and devised to my said daughter Elizabeth K., to pay over to the said Elizabeth K. during her life the annual income which may arise from the said bequest or devise so made to him as such trustee; * * * and I do devise and bequeath such share so originally bequeathed and devised to said Elizabeth K., and hereby conveyed to said Horace as such trustee, after the death of said Elizabeth K., to the children of her body her surviving, born and to be born, share and share alike, to be paid to them each their share coming at the age of twenty-one years. * * * And I do further will, determine, and declare in case my said daughter Elizabeth K. should die, leaving no heirs of her body her surviving, the said Horace, as trustee, as aforesaid, shall distribute, divide, and pay over to my lawful children me surviving, their children and heirs, per stirpes and not per capita, the share of my property herein bequeathed and devised to him as such trustee as aforesaid of Elizabeth K., and in no other respect and to no further extent do I alter or change my last will and testament," etc.

The testator left him surviving his daughter, the defendant, and other children. Some time before the commencement of this suit the plaintiff Horace Alvord, as trustee, conveyed certain of the real estate specifically covered by the first clauses hereinbefore referred to to one Randall, and, as above stated, his power so to do is questioned.

Some time also before the commencement of this suit the defendant Elizabeth K. Sherwood, in substance, requested said plaintiff to purchase for her benefit the so-called Townsend street property which belonged to the testator, and to pay therefor out of any other property coming to her from said estate; and thereupon the executors of said estate did convey to said plaintiff Alvord, as trustee of the defendant Elizabeth K. Sherwood, said property for the sum of $3,500. Said Alvord, as such trustee, executed back to said executors a bond and mortgage for such purchase price; and subsequently, upon a settlement by the executors of their accounts, said bond and mortgage were transferred to Horace Alvord, as such trustee as aforesaid, as a portion of the amount due from said estate to him as trustee of said Elizabeth K. Sherwood. So that he now holds the title to the premises as trustee for said defendant, and the bond and mortgage which he gave to the estate for the purchase price thereof have been transferred by said estate back to him as such trustee, thus in effect canceling the claim of the estate for the land. It is claimed by the defendants, as before suggested, that the trust created by the sixth codicil does not relate to or cover this land which was produced for the benefit of defendants under the provisions of clauses 23 and 24 of the will, but that they should have the title thereto free of any trust.

It is not contended that the language of codicil No. 6 is not sufficient and effective to create a legal trust, but only that it does not describe and cover the property in question. This house and lot, as stated, was produced under the provisions of clauses 23 and 24. The codicil created a trust of all the property which the testator under his will had "before bequeathed, conveyed, and devised to his (my) beloved daughter Elizabeth K. Alvord, now Sherwood." The defendants say that clauses 23 and 24 did not bequeath or devise anything to said daughter, but simply left certain property to go under the statute of distributions, and that, therefore, this real estate de-

rived under those clauses is not included in the language of the codicil and trust created thereby. The reasoning of the counsel in his brief upon this subject is as follows:

"It must be observed that the avails of the general real estate not specifically devised, together with personal estate, is by the clause of the will numbered twenty-fourthly merely bequeathed to the executors in trust to pay debts, funeral expenses, and $75 per year to educate the three minor daughters, and the remainder paid over to the children and heirs, without any words giving or devising any part of the remainder to those children or the heirs of such as may be dead. Thus the will does not give, devise, or bequeath this remainder or any part of it to Elizabeth K. But neither does the will disinherit either of Elizabeth K. or any other child of the testator. The clear intention of the testator must, therefore, be deemed to have been to bequeath the remainder to the executors and to leave the children to take the avails ultimately to be paid over to them under the appropriate statutes of descent and distribution, so that these avails to be paid over to the children, etc., as required by the clause of the will numbered twenty-fourthly, were none of them any part of the estate devised and bequeathed to Elizabeth K. Sherwood within the meaning of the sixth codicil."

Without stopping to consider whether in some other connection this argument might be technically sustained, it does not seem that this was the construction which the testator placed upon the clauses of his will or his intention. By clauses 15, etc., as subsequently modified by codicil No. 3, he had made certain provisions for his daughter in certain specific real estate which are conceded to be subject to the trust created by the later codicil under discussion. The provisions in those former clauses did not directly "bequeath, convey, and devise" anything to his daughter any more than the provisions of clauses 23 and 24 do. In fact, the practical effect of the former clauses was about the same as that of the later ones,—a disposal by the executors of certain property and a payment over by them to the defendant Elizabeth K. of the proceeds or her share thereof. In neither case was there a bequest or devise directly to her, but in both cases the testator had made what, when he framed codicil No. 6, he undoubtedly considered such, and it would seem to be difficult to distinguish between the two sets of clauses in this respect.

There is another argument in favor of this conclusion. In the last codicil creating the trust the language used to convey to the trustee for the purposes thereof is as follows: "I do hereby bequeath, convey, and devise so much of my estate, both real and personal, as I have before bequeathed, conveyed, and devised to my beloved daughter," etc. Provisions 15, etc., affected or conveyed no personal estate. The only ones which did so were clauses 23 and 24, which are the ones also producing and conveying the Townsend street property in question. This, therefore, would also seem to indicate that the testator intended to have the trust include and cover the property mentioned in those last clauses which the defendants received from his estate. Possibly there may have been some doubt about the original right of plaintiff to invest part of the trust funds created for the benefit of defendants in the Townsend street house and lot. That question, however, is not presented here, and the defendant Elizabeth K. is estopped from raising it.

I pass now to a consideration of the other question presented, whether the plaintiff, as trustee, had the power to convey the real estate to Randall. This real estate was a portion of that specifically covered and disposed of by clauses 15, etc. Under those clauses as originally framed, and also as modified by codicil No. 3, there is no doubt but that a power of sale and disposition of this property was conferred upon the executors of the will, of whom plaintiff was one. I do not see, however, how that power of sale can be said to have been preserved and transferred to plaintiff as trustee under codicil No. 6. That codicil substitutes an entirely new scheme of providing for the defendant's daughter in the place of the one before constructed. It is true that it utilizes the same property "before bequeathed, conveyed, and devised" to such daughter. But in the place of a conversion into money of all the property so willed, and payment of the proceeds to Mrs. Sherwood, it creates a trust of the property to last at least during her life. A power of sale was a necessary incident to the original provisions. But these were so completely superseded by the last codicil referred to that I think the power of sale fell with them, and was not preserved and incorporated into the latter.

The only question, then, left is whether, as claimed by plaintiffs' counsel, a power of sale is to be implied as necessary to give effect to the provisions of the trust codicil, or from some of the expressions used therein. There is no evidence in regard to the character or situation of the parcel sold to Randall, or of the remainder of the land of which it was a portion. It does not appear whether it was vacant or improved, or that there would be any difficulty in dividing it in accordance with the provisions of the trust. Therefore no argument can be made in favor of implying a power of sale as matter of necessity. Messenger v. Casey, 18 Wkly. Dig. 71. Moreover, it is not suggested that this was the reason for the conveyance. Such reason could not arise in any event until the death of Mrs. Sherwood. Hobson v. Hale, 95 N. Y. 588, 602, 603. Neither do I think there are any expressions used by the testator from which the court could imply a power of sale. The words that the trustee should have "the whole and exclusive control and management" of the property are not sufficient foundation upon which to base such implication. Hobson v. Hale, 95 N. Y. 588, 606. In one or two places the testator in directing the disposition of the estate among other persons after the death of Mrs. Sherwood used the words, "to be paid," and "distribute, divide, and pay over." Remembering, however, that part of the estate consisted of personal property, the language used in the last instance would be entirely correct and accurate; and, if in the first case the words used are more applicable to money than real estate, I think it is better to treat this as a slight inaccuracy than as an authority for so important an act as converting a quantity of money into real estate. Hobson v. Hale, 95 N. Y. 588; Alkus v. Goettmann, 60 Hun, 470, 15 N. Y. Supp. 183.

Findings and judgment may be prepared and settled on three days' notice. Ordered accordingly.