BIGELOW et al. v. TILDEN et al.

(Supreme Court, Appellate Division, First Department. June 8, 1900.)

1. TRUSTS—CONSTRUCTION OF WILL—POWER OF TRUSTEE TO SELL TRUST SECURITIES.

A will wherein a testator attempted to dispose of a vast fortune by the creation of various trusts and direct gifts contained a provision that certain bonds should be held in trust for a certain beneficiary. Other clauses authorized the trustees to sell the securities, including the specific trusts, and to reinvest the proceeds, and to invest all money belonging to the estate subject to the charge of the various trusts thereon. Clause 29 authorized the trustees to sell the securities originally set apart for the special trusts, and to reinvest the proceeds, except in the case when the securities were designated and appropriated to a specific purpose. *Held*, that the trustees had the authority to sell such bonds, and reinvest the proceeds, as the exception in clause 29 only applied to direct gifts of specified securities.

2. COURTS—LAW OF THE CASE.

A decision of the court of appeals construing a will is binding on the supreme court in a future case involving its construction, although parties to the latter suit were not parties to the former.

3. TRUSTS—CONSTRUCTION OF WILL.

A will provided for the creation of a general trust and for various special trusts, and contained a provision that any depreciation in the special trusts should be made good from the general trust, and that the conveyance by testator's executors to the general trust should be subject to the obligation to make the special trusts good. The provisions creating the general trust were void, and testator died intestate as to the property to be included in such trust. *Held*, that the requirement that the special trust be made good from the residuary estate only lasted till such residuary estate was disposed of, and only applied to depreciations in the special trusts arising before that time.

4. SAME—COMPENSATION OF TRUSTEE.

When a will contains a provision that the executor and trustee shall receive a certain yearly compensation out of testator's general estate in full for all service and charges as executor and trustee, he is not entitled to charge commissions on the income of a special trust, collected before the final distribution of the general estate.

McLaughlin, J., dissenting.

Appeal from special term, New York county.

Action by John Bigelow and others, as executors and trustees of Samuel J. Tilden, against George H. Tilden and others, for the final settlement of their accounts as executors. From a judgment settling the accounts (43 N. Y. Supp. 858), Marie C. F. Eastwick appeals. Modified and affirmed.

Argued before PATTERSON, P. J., and RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

William V. Rowe, for appellant.

George A. Miller, for plaintiff respondents.

E. Countryman, for George H. Tilden et al., defendant respondents.

William T. Schley, for Henrietta T. Blatchford, defendant respondent.

INGRAHAM, J. The final judgment in this action settled the accounts of the plaintiffs as executors and trustees of Samuel J. Tilden, deceased, and directed a distribution of the balance of the estate in their hands. The appellant, as the beneficiary under a special trust provided for by the will, appeals from that judgment, and three questions are presented, in which it is claimed that the judgment was erroneous. By the twenty-third clause of the will the testator directed his executors and trustees "to set apart $50,000 of first mortgage six per cent. International and Great Northern Railroad Company bonds, and $50,000 of the first mortgage bonds of the Oregon Short-Line Railway Company, guarantied by the Union Pacific Railway Company, as a special trust for the benefit of my friend Miss Marie Celeste Stauffer, daughter of Isaac Stauffer, Esq., of New Orleans. The income of the said special trust shall be applied by the trustees thereof to the use of the said Marie Celeste Stauffer during her natural life, * * * and upon the decease of the said Marie Celeste Stauffer the trustees of the said special trust shall pay over the principal of the said bonds or assign the same to the devisees or heirs of the said Marie Celeste Stauffer."

The first question presented is whether the trustees under the will had power to sell these bonds, and reinvest the proceeds, during the continuance of this special trust. It does not appear that this question is at present important, as the record shows that the income upon the securities since the death of the testator has been paid to the beneficiary. In view, however, of the possibility as to the future of all investments of this character, it may become important for the security of this trust fund that such a power of sale should be exercised by the trustees; and, as the judgment appealed from expressly determines that they have no power to change these particular investments, it seems to be necessary to determine this question in this action. The testator intended that these particular securities should be set apart and held by his trustees, and that the income thereof should be paid to the beneficiary, and the clause of the will creating this special trust does not give the trustees power to sell these specific securities; but the appellant contends that other clauses of the will do confer upon the trustees such a power, and we are inclined to agree with this contention. The history of corporate obligations of this character would indicate that it is quite essential that some power to change the securities in which the trust property is invested should be given. While the testator may have had the greatest confidence in the securities that he had set apart for this beneficiary, it cannot be assumed that he did not contemplate the possibility that contingencies would arise which would make them undesirable securities for a trust fund.

The discussion of general rules applicable to investments of this character is not important in this case, as the testator has, in the will, regulated the power of the trustees, and the case must be determined upon his intention as expressed in the instrument. As was said by Judge Gray in Re James, 146 N. Y. 100, 40 N. E. 880: "It is only where the instrument fails to express or to disclose an intention that we must resort to the rules which have been established by the decisions of the courts." There are three clauses of the will which expressly refer to the power of the trustees over investments or securities which they were directed to hold in trust. By the eighth clause of the will the testator provides that "in their capacity of trustees of trusts for specific persons they shall have power to manage the several trusts; to collect the income thereof, and to apply the same as herein directed; to sell, in their discretion, the securities, and to reinvest the proceeds thereof." By the twenty-ninth clause of the will the testator provides that the trustees of the said special trusts "are hereby authorized from time to time to change the investments hereby directed to be made for the use and benefit of specific persons; to sell the securities originally purchased for or set apart for such specific persons, and to purchase other securities in lieu thereof, except in the cases where the securities are herein designated and appropriated to a specific purpose." By the thirty-eighth clause the executors and trustees are directed "from time to time to invest and reinvest all moneys belonging to my estate, whether derived from sales of said devised and bequeathed property or otherwise, in such manner as they may deem expedient, subject, however, to the same trusts upon which said moneys or property were originally held by my said executors and trustees." It is not disputed that either one of these clauses in the will would be sufficient to invest these trustees with the power to change investments of securities in which the trusts held by them were invested but for the qualification contained in the twenty-ninth clause of the will, where it is said that the power given by that clause shall not apply "in the case where the securities are herein designated and appropriated to a specific purpose." In both of these other clauses of the will the power is broad enough to cover all property, whether specifically bequeathed to the trustees or acquired by the trustees as the investments of funds bequeathed to them in trust. To ascertain the intent with which the testator inserted this proviso or qualification, we must look to the will to see as to what subject it would appear that the testator intended it to apply. It may be noticed that the clause of the will creating this trust directs the executors to "set apart" the securities named as a special trust. They are then directed to apply the income of this special trust to the beneficiary named during her life, and upon her death they are to pay over the principal of the bonds, or assign the same to her devisees or heirs. The language used here evidently contemplated the possibility of the proceeds of these bonds being received by the trustees during the lifetime of the beneficiary; and from the nature of the securities, if the trust continued for a sufficient length of time, the proceeds would necessarily come into the hands

of the trustees. There is nothing, however, in this clause creating the trust which would at all negative the idea of the trustees having the power of changing the securities or reinvesting the proceeds thereof. Then, by the eighth clause of the will, the words "the trustees of trusts for specific persons" would clearly include this power created for the benefit of the appellant to sell in their discretion the securities and reinvest the proceeds. By the twenty-ninth clause power is given to the trustees "to sell the securities originally purchased for or set apart for such specific persons," and the testator uses in the clause creating this particular trust the same language as in the twenty-ninth clause, where he directs his executors and trustees to "set apart" the specific securities mentioned. In the twenty-ninth clause of the will he excepts from the operation of the provision there recited the securities "designated and appropriated to a specific purpose," and it is as to the meaning of the testator in the use of this language that the question is involved in doubt.

In looking at the will, however, there are several bequests of specific securities to which this prohibition could apply, and which, it seems to me, the testator had in mind when he inserted this qualification. In cases where the executors were required to give to various legatees named certain specific obligations or securities, or where the executors were directed to cancel obligations of certain specific persons, it is quite apparent that a sale of the securities or property mentioned would have been contrary to the intention of the testator, and defeated the object which he had in view. The language here used, "securities herein designated and appropriated to a specific purpose," would hardly be an apt term to express a bequest of certain securities to trustees with a direction to pay the income thereof for life, and to pay the proceeds or assign the securities over upon the death of the beneficiary. Such language would most aptly describe, however, a case where the executors or trustees were authorized to transfer to a specific purpose certain designated securities; and we find that in several instances in this will there is such an express disposition of specific securities or obligations. Thus the testator directs the trustees to convey to Henrietta T. Blatchford the obligation of her husband for $5,000. By the thirteenth clause of the will he directs his executors to assign to Charlotte B. Whittlesey his interest in the Delphic Iron Company, whether consisting of stock or loans, and also loans and advances which have been held against her husband. The executors were also directed to release his nephews from a debt which they owed to him, and also a mortgage which the testator held against them, now amounting, with interest, to about $33,000. In these clauses, and others to which attention could be called, the testator appropriated specific property to a specific purpose,—a purpose which would be obviously defeated if the executors should sell the specific property thus appropriated,—while in the creation of a trust which was to last for the life of a beneficiary there could be no object in refusing to give the trustees the power of changing the securities in which the trust fund was invested. And that the testator contemplated that his trustees had power to sell

such securities appears from the twenty-fifth clause of the will, which directs his executors and trustees, "in case any special trust hereby directed to be constituted shall fail, in whole or in part, by depreciation of securities, to make the same good out of my general estate, so long as the general trust to my executors and trustees shall continue." Such a depreciation could only occur by a disposition in some way of the securities in which the trust was invested, and he must have contemplated a power in the trustees to sell such securities, or otherwise realize upon them, by which a depreciation could be ascertained. We think, therefore, that it can be fairly said, considering all the provisions of the will, that the testator intended that his executors should have the power to change these investments in case a necessity for such change should exist, and that the judgment appealed from should be modified in this respect.

The second question presented arises under the twenty-fifth clause of the will, before referred to. By that clause the testator directs his executors and trustees, "in case any special trust hereby directed to be constituted shall fail, in whole or in part, by depreciation of securities, to make the same good out of my general estate, so long as the general trust to my executors and trustees shall continue," with a provision that, in case the executors and trustees should convey the property to the Tilden Trust, or should vest it in any trust or trusts for charitable purposes, it was to be done upon the express condition that such conveyance should be subject to the obligation to make good the fund devoted to such special trust; and it is claimed by the appellant that under this provision of the will the whole residuary estate was to be devoted to the purpose of providing for any depreciation of securities in which the special trust created by the will had been invested. The general trust was created by the thirty-ninth clause of the will, which was a general bequest and devise of the residuary estate to the executors, to continue during the lives of two persons named, "to apply the same, and the proceeds thereof, to the objects and purposes mentioned in this, my will." By the thirty-fifth clause the executors were requested to obtain an act of incorporation of an institution to be known as the Tilden Trust, and the trustees were authorized to convey to or to apply to the use of the same all the rest, residue, and remainder of the testator's estate. This clause of the will had been held to be void, and that as to the residue of the estate of the testator he died intestate (Tilden v. Green, 130 N. Y. 53, 28 N. E. 880, 14 L. R. A. 33); and, while the decision in that case is not binding upon this appellant as an adjudication, she not having been a party to the suit, as the decision of the highest court of this state it is conclusive upon us as to the construction to be given to this clause of the will. This clause creating a trust as to the residuary estate thus being illegal, and all of the special trusts created by the will having been provided for, it is claimed that the general trust—the object for which it was created having failed—was at an end, and such general trust no longer continued. The language of the will negatives the idea that the testator intended to keep this general trust in force after the conveyance of the residuary estate to the charitable use contemplated,

for by the will there was a provision that the corporation which should succeed to the ownership of the residuary estate should become obligated to make good such depreciation. That provision of the will having failed, and the general trust being now at an end, the executors were bound to distribute the residue of the estate among the next of kin as those entitled to the testator's property. Undoubtedly, if there had been any depreciation in either of these special trusts prior to the time that the residuary estate was finally distributed, it would have been the duty of the executors and trustees to make good such depreciation from the residuary estate. The testator contemplated the disposition of this fund as directed by the thirty-fifth clause of the will, and, even though the corporation to be incorporated under that clause had no authority to accept the condition which the testator wished to impose upon it as .to supplying any deficiency that should thereafter arise in the special trusts, the executors were still authorized to turn over the residuary estate to such a corporation as it was, in case the corporation could make such an agreement, or assume such an obligation that it was to be imposed. We agree with the learned judge below when he said that this provision as to the depreciation of the special trust was subordinate to the general scheme of the will by which the residuary clause was to be disposed of, and was only to last until such residuary estate was actually disposed of, and be applicable only to such depreciation as existed prior to that time.

The third question is under the third clause of the will. Under that clause the residuary estate is chargeable with all commissions which are to be paid to the trustees as trustees for the payment under the special trust created for her benefit. It is then directed that each of his executors should receive as compensation for his services the sum of $5,000 annually in lieu and in full satisfaction and discharge of any and all commissions and charges to which they might be entitled in whatever capacity under the law of this state in any and all trusts (including all services in the special trusts to be constituted under this will). "Such compensation shall be paid out of my general estate so long as it shall remain in the custody of my executors and trustees, and by the corporation hereinafter provided after the residue of my general estate shall be vested in such corporation." We agree with the court below that after the final distribution of the residuary estate the provisions for the compensation of the executors and trustees will become inoperative, but we think that until the final distribution of the residuary estate the trustees were not entitled to charge commissions upon the income received for the benefit of the appellant. This clause of the will provides that the sum of $5,000 shall be paid to each of the executors and trustees, and shall be in full satisfaction of all services in the special trusts to be constituted under the will, and such compensation was to be paid out of the general estate so long as it should remain in the custody of the executors and trustees. It seems to us quite evident that during the period in which that $5,000 was to be paid to the trustees for their services as such they were not entitled to deduct any commissions from the income received upon this

trust estate held for the appellant. The exception, therefore, of the appellant to the account submitted by the trustees should be sustained, and the amount deducted by the trustees for such commission should be paid to the appellant.

The judgment appealed from should therefore be modified as before indicated, and, as modified, affirmed, with costs to all parties appearing to be paid out of the estate.

PATTERSON, P. J., and RUMSEY, J., concur.

McLAUGHLIN, J. (dissenting). I concur in the opinion of Mr. Justice INGRAHAM except as to the first question discussed by him, and as to that I dissent. The intent of the testator in the twenty-third clause of his will is expressed in such a way as to preclude any discussion on that subject. He intended to set apart the securities therein specified for the benefit of Miss Stauffer during her life, and upon her death such securities, or the proceeds derived from the sale of them, were to pass to her devisees, or, in the absence of a will, to her heirs. His language is:

"I direct my said executors and trustees to set apart $50,000 of first mortgage six per cent. International & Great Northern Railroad Company bonds, and $50,000 of the first mortgage bonds of the Oregon Short-Line Railway Company, guarantied by the Union Pacific Railway Company, as a special trust for the benefit of my friend Miss Marie Celeste Stauffer, daughter of Isaac Stauffer, of New Orleans. The income of the said special trust shall be applied by the trustees thereof to the use of the said Marie Celeste Stauffer during her natural life, free from any interference, and free from any control of any husband she may have. And upon the decease of the said Marie Celeste Stauffer the trustees of the said special trust shall pay over the principal of the said bonds or assign the same to the devisees or heirs of the said Marie Celeste Stauffer."

Observe the language, "the income of the said special trust" is to be applied by the trustees to the use of Miss Stauffer, during her life, and upon her death the trustees are to pay over "the principal of the said bonds" or to assign "the same" to the devisees or heirs. The testator having knowledge of the present value of these securities, and a knowledge at least satisfactory to him as to their future value, desired that they should be held as a permanent investment for the benefit of the person whom he sought to make the object of his bounty, without interference on the part of his trustees. Hence he made his own selection, and sought, by the use of the language employed, to preclude his trustees from interfering in any way with his purpose. And if there could be any doubt as to the testator's intent, as expressed in this clause of his will, such doubt would be entirely removed when it is read in connection with the twenty-ninth clause, which is:

"The trustees of the said special trust are hereby authorized from time to time to change the investments hereby directed to be made for the use and benefit of specific persons, to sell the securities originally purchased for or set apart for such persons, and to purchase other securities in lieu thereof, except in cases where the securities are herein designated and appropriated to a specific purpose."

It is only where a will fails to express or to disclose the intention that the court is at liberty to resort to the rules which have been es-

tablished by the decisions of the court for the purpose of ascertaining that intention. In re James, 146 N. Y. 79, 40 N. E. 876. Here the intention is manifest; it is well expressed; and there is no authority conferred, if we give effect to that intention, upon the trustees, to change the investments in the trust created for Miss Stauffer. I am therefore of the opinion that the trial court was right in holding that under the twenty-third clause of the will the trustees had no power or authority, either with or without the consent of the beneficiary, to sell the securities therein named for the purpose of changing the nature of the investment.