In the Matter of the Construction of the Will of FLORA S. WUPPERMANN, Deceased.

Surrogate's Court, New York County, November 29, 1949.

*Durand, Bowen & Byrne* for Audrey W. Manny, as executrix of Flora S. Wuppermann, deceased, petitioner.

*Joseph Levine,* special guardian for Virginia L. Brooks and others, infants, respondents.

FRANKENTHALER, S. The necessity for a construction of the will arises from an apparent conflict between two paragraphs thereof concerning management powers of the trustee. The precise question is whether the trustee has the power to sell specific securities given in trust.

In article three of the will, testatrix bequeathed to her daughter, as trustee, 3,000 shares of common stock of the Angostura-Wuppermann Corporation " to invest and reinvest the same and to apply or pay over the net income " to her three granddaughters equally and " to pay over and transfer absolutely to each of said granddaughters one-thousand (1,000) shares " of the stock, upon each attaining the age of twenty-one.

In article four, testatrix directed the severance of her residuary estate into two equal shares. One share she bequeathed to her daughter absolutely and one share to her or her successor as trustee, to pay the income to the said daughter for life and at her death to hold separate thirds thereof in trust for the same grandchildren mentioned above, with remainders to their respective issue.

Except for the words " invest and reinvest " in article three, no description of trustees' powers was made in the articles directing the creation of the trusts. Instead, a general definition of those powers was reserved for article seven, wherein testatrix granted the trustee and her successor full power and authority to retain investments held by them, to invest in non-legal securities, and to sell, lease, exchange or mortgage any trust property in her or their discretion. The individual trustee requests a determination as to whether this general power to sell applies to the property held in trust under article three.

As a general rule, where specific assets have been conveyed in trust or " the object of the trust was the collection of divi-

dends upon specific shares of stock " (*Mertz* v. *Guaranty Trust Co.,* 247 N. Y. 137, 141), the trustee possesses no authority to vary the composition of the trust principal. Particularly is this true where there is an express provision commanding the retention of such assets. The dedication of distinct property to a named trust purpose results in an inference that a prohibition against sale was intended and of a desire upon the part of the settlor to have the trust estate remain intact (*Toronto Gen. Trusts Co.* v. *Chicago B. & Q. R. R. Co.,* 64 Hun 1, affd. 138 N. Y. 657; *Bigelow* v. *Tilden,* 18 Misc. 689, mod. 52 App. Div. 390; see *Guaranty Trust Co.* v. *Lewis,* 279 N. Y. 396; *Alvord* v. *Sherwood,* 21 Misc. 354, and 2 Scott on Trusts, §§ -190, 190.3).

Where, however, there is internal evidence in the will that such is not the desire of the testator, the court may find authority vested in the trustee, either expressly or impliedly, to sell such assets in their discretion (*Bigelow* v. *Tilden,* 52 App. Div. 390, *supra*).

There is evidence in this case that testatrix did not intend an absolute injunction against the sale of the Angostura-Wuppermann stock. The separate article of the will defining the trustees' powers makes no discrimination in treatment of the two trusts. Instead, the trustee and her successor were named and their authority conferred in broadest terms as to all assets.

In addition to the general powers, testatrix authorized the trustee to " invest and reinvest " the specific shares of stock. Those words standing alone may themselves import a power of disposition (*Boston Safe Deposit & Trust Company* v. *Mixter,* 146 Mass. 100; *Matter of Frech,* 220 App. Div. 126; *Livingston* v. *Murray,* 39 How. Prac. 102; cf. *Matter of Donovan,* 153 Misc. 593, affd. 243 App. Div. 597). Considered in conjunction with the general grant of power contained in article seven, the appearance of those words strengthens the inference that testatrix did not intend to limit the scope of the general power to the assets of the residuary trust.

The court concludes, therefore, that the discretion lodged in the trustee under article seven of the will was intended, during the minority of her children, to extend to the assets of their trust as well. The selection by the testatrix of specific shares of stock for that trust may be regarded merely as having been a convenient method of designating the quantity of assets to be placed in trust for their direct benefit and designating the fractional share of each beneficiary.

A similar question was raised in *Bigelow* v. *Tilden* (*supra*) where testator created a series of special trusts and thereafter a trust of the residue. The general power of the trustees to vary the composition of trust principal was held to extend to the special trusts, although the testator had himself selected certain railroad bonds as the original assets thereof. (See, also, *Matter of Shear,* 156 Misc. 891; *Matter of Herb,* 163 Misc. 441; *Matter of Wechsler,* 171 Misc. 738, and *Matter of Flanagan,* 184 Misc. 938.)

The executrix will be permitted to retain a reasonable sum of money as a reserve for additional income taxes. She is directed to file, upon notice to all parties, a supplemental affidavit fixing the amount of that fund.

Proceed accordingly.