Samuel H. Hoestadter, J.
The defendant, Bernard A. Goodman, individually and as executor, and the defendant, Alice M. Goodman, as trustee under a will, move to dismiss the complaint for insufficiency and additionally to strike from it so much as alleges that the action is brought as a representative action on behalf of the executors and trustees under the same will. The defendant Ex-Lax, Inc. moves separately to dismiss the complaint as to it on the ground that no cause of action against it is stated. Both motions will be dealt with in one opinion.
The complaint states a single cause of action in favor of the plaintiffs Louise E. London and Richard M. Edelman, beneficiaries of a trust created by article 16 of the will of Sidney Matz (referred to as the article 16 trust), who in their-individual right and on behalf of the executors of the will and the trustees of the article 16 trust, attack an exchange of stock made in November, 1948, by the executors and the then acting trustee. Stripped to its essentials, the complaint reveals the following: The will of Sidney Matz, probated in the New York County Surrogate’s Court in August, 1946, named as its executors Israel Matz, and the defendants Bernard A. Goodman and Irvin A. Edelman, and named Israel Matz as trustee of the article 16 trust. These persons qualified as executors and trustee respectively; after the death in 1950 of Israel Matz, the defendant Alice M. Goodman, wife of the defendant Bernard A. Goodman and the defendant Ethel M. Edelman, wife of the defendant Irvin A. Edelmán, became trustees of the article 16 trust. Since the death of Israel Matz, the defendants Bernard A. Goodman and Irvin A. Edelman have been and now are the sole executors and their wives Alice and Ethel are the trustees of the article 16 trust and the two executors are sued both individually and in their representative capacity, while the two trustees are defendants in their representative capacity alone.
The defendant Alba Corporation (Alba), a Delaware corporation, at the time of the 1948 exchange of stock, was a substantial stockholder of the defendant Ex-Lax, Inc. (Ex-Lax), a New York corporation, and still owns shares of Ex-Lax stock, including its Class B stock, the only class having voting rights. At that time Israel Matz, and the defendants Bernard A. Goodman *279 and Irvin A. Edelman were officers and directors of both Alba and Ex-Lax and controlled the affairs of both corporations. Since the death of Matz, Goodman and Edelman have remained and still are the sole directors and officers of Alba as well as directors and officers of Ex-Lax. Throughout 1948 and thereafter until the death of Israel Matz, he and the defendants Alice M. Goodman and Ethel M. Edelman were substantial stockholders of Alba and since the death of Matz, the last-named two persons have been and are substantial stockholders. The situation is the same in Ex-Lax, except that in addition the defendants Bernard A. Goodman and Irvin A. Edelman were and still are also substantial holders of its stock. The two plaintiffs throughout 1948 and ever since have been stockholders of Alba.
Article 16 of the Sidney Matz will specifically bequeathed to the trustee thereunder all the decedent’s stock in Alba (he owned 59 shares) to pay the income of designated portions thereof to the two plaintiffs and to the defendant Boy M. Goodman and to deliver the portions of “ said shares of stock” to the named income recipients as they respectively reached stated ages. The three named beneficiaries have all reached the stated ages and their right to receive their respective portions of the stock “ so specifically bequeathed to them has become absolute.”
The exchange of stock in November, 1948, is thus alleged; the defendants Bernard A. Goodman and Irvin A. Edelman, ostensibly acting as executors, purported to exchange the 59 shares of Alba stock for certain of Alba’s assets, namely 629 shares of Class B stock of Ex-Lax and $10,325 in cash, and as executors indorsed and transferred to Alba the certificates for the 59 shares of Alba stock and transferred or caused Alba to transfer to themselves as executors the 629 shares of Class B stock of Ex-Lax and $10,325 in cash. Thereafter they caused Ex-Lax to transfer these 629 shares theretofore registered in the name of Alba to Israel Matz, as trustee of the article 16 trust and to register them on its books in the name of Israel Matz, as such trustee.
The grounds on which the exchange is challenged, as stated in the complaint, are these: the will of Sidney Matz did not grant to thp executors, alone or together, or to the trustee of the article 16 trust the power to effectuate the transaction and the will precluded them from doing so; the defendants Bernard A. Goodman and Irvin A. Edelman in effectuating the transaction and Israel Matz, to the extent that he participated therein, acted in breach of their fiduciary duties and in violation of the terms of the will. No notice of the transaction *280 was given to the plaintiffs or to Alba’s board of directors, nor was it ever submitted for approval to the board or ever submitted to or approved by Alba’s stockholders. As a result of the transaction Alba’s interest in the Class B stock of Ex-Lax was substantially reduced and the proportionate stockholdings of each plaintiff in Alba were substantially less than they would have been had the 59 shares of Alba stock been distributed to the plaintiffs in accordance with article 16 of the will. In the transaction the defendants Bernard A. Goodman and Irvin A. Edelman and Israel Matz, to the extent that he participated therein, dealt solely with themselves, on the one hand as executors and as trustee and on the other as officers and directors of Alba and Ex-Lax, in control of the affairs of these corporations, in breach of their fiduciary duties under the will and to the plaintiffs. Alba and Ex-Lax had knowledge of the lack of power of the executors and trustee, that the will precluded the transaction and that it was in breach of their fiduciary duties and in violation of the terms of the will.
The 629 shares of Class B stock of Ex-Lax are now registered on its books in the names of the present trustees, Alice M. Goodman and Ethel M. Edelman, and are presently in the custody of the defendants Bernard A. Goodman and Irvin A. Edelman and are so registered and held in violation of the terms of the will. The plaintiffs have demanded that the trustees and executors take the necessary steps to set aside the transaction and to recover the 59 shares of Alba stock, including the bringing of this action but they have unreasonably refused to do so. It would be futile to request the defendant Boy M. Goodman to join as plaintiff, because he has already demanded delivery of his share of the Ex-Lax stock and is opposed to this action. The relief sought is the setting aside of the transaction so that the trustees will regain the 59 shares of Alba stock and distribute them to the trust beneficiaries.
The parties have submitted very extensive and instructive briefs which the court has found most helpful. The critical questions lie within narrow compass and on their resolution the decision of these motions depends. It is axiomatic that when the sufficiency of a pleading is attacked, the facts alleged must be assumed to be true and that every intendment and fair inference is in favor of the pleading.
The complaint has a twofold thrust: the exchange of the Alba for the Ex-Lax stock is assailed (1) as a violation of the elementary principle which forbids self-dealing by fiduciaries and (2) as beyond the powers of the fiduciaries under the will.
*281 It is obvious that when the executors and the trustee engaged in the transaction they were acting in a dual capacity. They were acting as fiduciaries under the Sidney Matz will and also as officers and directors of Alba and Ex-Lax which they controlled. Sidney Matz was a substantial stockholder of both corporations and, while the executors were substantial stockholders of Ex-Lax only, their wives owned substantial stock in Alba as well as in Ex-Lax. In applying the rule against divided loyalty, husband and wife are treated as one (Matter of Fulton, 253 App. Div. 494; Restatement, Trusts, § 170, subd. [1], p. 434); the husbands must, therefore, be regarded as substantial stockholders of both Alba and Ex-Lax. No argument is needed to demonstrate that the interests of the trust beneficiaries on the one hand and of Alba, if not of Ex-Lax on the other, were adverse and that anyone purporting to serve both in the transaction of necessity placed himself in an equivocal position. Because such conflict of interest makes for divided loyalty, the law condemns a transaction in which a fiduciary thus attempts to serve two masters. Only by rigid adherence to this rule can the trustee be “held to something stricter than the morals of the market place.” (Meinhard v. Salmon, 249 N. Y. 458, 464.)
The moving defendants urge, however, that the principle is inapplicable here because it does not appear from the complaint that the exchange of stock was unfair, that the fiduciaries profited or the beneficiaries suffered damage from it, or that the beneficiaries were ignorant of the dual capacities of the fiduciaries. Even were such ignorance a necessary element of the cause of action, it is supplied by the allegation that the plaintiffs had no notice of the transaction.
The defendants misread the authorities when they argue that a cestui may not avoid a transaction in which a trustee has a personal interest unless he shows that the transaction was unfair, or has yielded him a profit or damaged the trust. The contrary doctrine has been declared by our courts repeatedly; we cite but a few illustrative cases. (City Bank Farmers Trust Co. v. Cannon, 291 N. Y. 125, 131-132; Wendt v. Fischer, 243 N. Y. 439, 443-444; Matter of Fulton, 253 App. Div. 494, 495-496, supra.)
The inexorable nature of the rule is well shown in Matter of Kilmer (187 Misc. 121) in which the Surrogate, on a full review of the authorities, decreed the disaffirmance of the sale of a parcel' of real property to one of four executors, who, believing that his negotiations with a prospective buyer would be successful and be productive of a higher price than $116,000, *282 the highest offer received, for which his coexecutors wished to sell, gave the estate his written undertaking that if his pending-negotiations did not result in a sale at a price at least equal to the $116,000 and if the offer of $116,000 was withdrawn, then he would himself buy the property for $116,000. The sale was concluded with the executor pursuant to this agreement. Though the court found that the executor had acted in good faith and that the estate had received a fair price, it still held that, under the authorities, the estate beneficiaries were entitled to disaffirm. Accordingly, it must be held that the complaint states a good cause of action, insofar as it relies on the infirmity of the exchange due to the conflict of interest of the fiduciaries.
The lack of power under the will stems from the nature of the bequest of the Alba stock as alleged in the complaint. Instead of pleading the language of the will the complaint states the substance of the provision disposing of the Alba stock; the will specifically bequeathed the stock to the trustee, to pay the income and to deliver the stock to the named beneficiaries as they reached certain ages. The allegation of the provision of the will in this form is an allegation of ultimate fact according to its legal effect, a recognized and proper form of pleading. (See California Packing Corp. v. Kelly Stor. & Distr. Co., 228 N. Y. 49.)
From the premise that the Alba stock was bequeathed specifically, the law draws certain conclusions. One is that it vested directly in the legatee, here the trustee, not in the executors. (Matter of Columbia Trust Co. [Scull], 186 App. Div. 377, 380; Matter of Matthews, 122 App. Div. 605, 607.) It is the duty of the executors to deliver the property specifically bequeathed in kind. (Matter of Ryer, 94 App. Div. 449, 451, affd. 180 N. Y. 532.) It follows that since, as is alleged, the Alba stock was specifically bequeathed, the executors were bound to deliver it to the trustee and not other stock. As the court said in Matter of Wuppermann (197 Misc. 94, 95-96): “As a general rule, where specific assets have been conveyed in trust or ‘ the object of the trust was the collection of dividends upon specific shares of stock ’ (Mertz v. Guaranty Trust Co., 247 N. Y. 137, 141), the trustee possesses no authority to vary the composition of the trust principal. Particularly is this true where there is an express provision commanding the retention of such assets. The dedication of distinct property to a named trust purpose results in an inference that a prohibition against sale was intended and of a desire upon the part of the settlor to have the trust estate remain intact (Toronto Gen. Trusts Co. v. Chicago B. & Q. R. R. Co., 64 Hun 1, affd. 138 *283 N. Y. 657; Bigelow v. Tilden, 18 Misc. 689, mod. 52 App. Div. 390; see Guaranty Trust Co. v. Lewis, 279 N. Y. 396; Alvord v. Sherwood, 21 Misc. 354, and 2 Scott on Trusts, §§ 190, 190.3).”
The moving defendants urge that the allegation that the will of Sidney Matz did not grant to the executors or to the trustee the power to make the exchange and precluded them from doing so is a conclusion of law. Standing alone it might be; but it must be read in context. So read, it is a statement of a fact, that the will contained no affirmative grant of power to depart from the course normally required in dealing with a specific bequest — to deliver it in kind to the legatee. The allegation that no such power was given is very much like the allegation of the converse, that an agent was duly authorized, an everyday and well-recognized form of pleading. (See Pollitz v. Wabash R. R. Co., 207 N. Y. 113, 131, “ ratified”.) "Whether the will itself supports the allegation is matter of proof; it is, however, no less a statement of the ultimate fact, the absence of a grant of power, merely because proof will be found in a written instrument.
The Goodman defendants move additionally to strike the allegation that the action is brought on behalf of the executors and trustees. They contend that since the executors and trustees are defendants they may not be put in the position of suing themselves. We have here no such anomaly. The fiduciaries are defendants, not plaintiffs, just as in a derivative stockholder’s action the corporation is a defendant though the action is prosecuted for its benefit. A beneficiary may sue on behalf of the fiduciary when the fiduciary, after demand, unreasonably refuses himself to bring the action, in which case the fiduciary is made a defendant. The complaint here alleges demand and unreasonable refusal. In the circumstances, the action is properly brought on behalf of the executors and trustees. (Brooklyn Free Kindergarten Soc. v. Elbran Realty Corp., 255 App. Div. 852; Bonham v. Coe, 249 App. Div. 428, 431, affd. 276 N. Y. 540; Noll v. Smith, 250 App. Div. 453, 455-456; Hart v. Goadby, 138 App. Div. 160.)
Ex-Lax besides joining in the motion to dismiss made by the Goodman defendants asserts an additional ground for dismissal peculiarly applicable to it. Ex-Lax insists that it incurred no liability in merely transferring on its books the 629 shares of its own stock from Alba to Israel Matz, as trustee. The plaintiffs rely on the rule which fastens liability on a third party who participates in or aids and abets a breach of trust when on notice that the trustee is committing the breach. The rule is well established. (Wechsler v. Bowman, 285 N. Y. 284, 291; *284 National Sur. Co. v. Manhattan Mtge. Co., 185 App. Div. 733, affd. 230 N. Y. 545.) Ex-Lax contends that the trust property was Alba, not Ex-Lax stock, and that not alone did it not deal with the Alba stock, but the exchange of Alba for Ex-Lax stock took place before Ex-Lax entered the picture. The complaint, construed liberally, however, alleges that the transfer of the Ex-Lax stock to the trustee of the article 16 trust was an integral part of a single transaction by which the Ex-Lax stock was placed in the trust instead of the Alba stock. Ex-Lax is charged with knowledge that this continuous transaction was effected through self-dealing on the part of the fiduciaries and was in contravention of the provisions of the will. The charge is that with such knowledge it played its part in the transaction, in its later stage perhaps, but nevertheless in the very transaction under attack, by making the final transfer on its books. Of equal if not greater significance is the fact that the executors and the trustee, charged with wrongdoing, are the very same persons who were officers and directors of Ex-Lax, in control of its affairs. In such situation they may be found to have acted on behalf of Ex-Lax and thereby to have subjected it to liability. (Matter of Loomis, 269 App. Div. 128, 132.) Since a single transaction is alleged, conducted throughout by the same individuals who were both estate fiduciaries and in control of the two corporations concerned and Ex-Lax is charged with knowledge of its true nature, Ex-Lax is hardly to be looked upon as a stranger in the situation. This was no routine transfer of the record ownership of its stock on its books. Moreover, in view of the ultimate relief sought, retransfer of the Ex-Lax stock to Alba, Ex-Lax is properly a defendant.
The motion of the defendants Goodman to dismiss and to strike allegations from the complaint is denied; the motion of Ex-Lax, Inc. to dismiss is denied. The defendants may answer within 10 days after service of a copy of this order with notice of entry.