J. Kenneth Serví, S.
Vera L. James, as executrix of the last will and testament of Robert E. James, deceased, has made an application to this court under the provisions of section 215 of the Surrogate’s Court Act for the advice and direction of the Surrogate as to the propriety, price, manner and time of sale of *313 folie business assets, including both real and personal property belonging to the estate.
The last will and testament of the above-named decedent was admitted to probate in this court on the 19th day of September, 1956 and letters testamentary were issued to Vera L. James on the same date. Under the terms of the will, the executrix is given the power of sale.
Among the assets of the estate are two parcels of real property and upon one parcel there is located a feed mill building, coal elevator and other storage buildings. The other parcel of real property adjoins the feed mill property but has no improvements located thereon. The executrix has continued the feed mill business, which was operated by the decedent at the time of his death, and in connection with said business the executrix alleges that the liquid assets of the estate are insufficient to pay the accounts. The executrix claims that she has caused efforts to be made to dispose of the feed mill business but that no contract of sale has been entered into and that negotiations are being carried on in an effort to sell the business and its assets.
The petition does not disclose what efforts have been made by the executrix to obtain a purchaser and neither does it show that she has had an appraisal made of the property for the purpose of determining a reasonable sales price. There is nothing that shows that the executrix has listed the property for sale with real estate brokers, experienced or otherwise, or that she has taken any concrete steps toward the sale of the property.
It is the duty of the estate representative to exercise her business judgment in the administration of the estate, which in this case necessarily involves the question of time and manner of sale of the mill property and the business conducted thereon. Estate fiduciaries are not mere ministerial agents and the courts have neither the duty nor the authority to exercise the business judgment which is imposed upon fiduciaries. (Matter of Bourne, 22 Misc 2d 681.)
The advisability of selling the feed mill property and business is not properly determinable by the court, but it is for the executrix to determine the propriety, price, manner and time of sale of the business assets in the exercise of sound business judgment. (Matter of Olensky, 123 N. Y. S. 2d 883.) Applications of this character are only granted by the Surrogate when it appears that such unusual or peculiar circumstances exist as would render it inadvisable or inexpedient on the part of a personal representative of an estate to dispose of property belonging to an estate in the ordinary manner upon the executrix’ own responsibility. (Matter of Ximenez, 107 Misc. 460.) *314 There is nothing in the petition Avhich discloses circumstances that are so unusual as to impel the court to advise or direct the action of the executrix in the premises. The application is denied.