Laurence D. Wood, S.
Decedent died a resident of Onondaga County on May 25,1945, and his will was admitted to probate by this court on June 1, 1945. We quote paragraphs third and SEVENTH of the will.
“ third: One-third (%) of the balance of my estate, remaining after the payment of my funeral expenses, my debts, estate taxes, all proper and reasonable administration expenses of my estate and the $2500 legacy to my wife, above provided for, I give, devise and bequeath to Arthur )S. Viall, my executor and trustee, hereinafter named, in trust nevertheless for the benefit of my said wife, Helen N. Cramer, for and during the term of her natural life in the manner following, viz: to receive and care for said property; to invest and re-invest such part or parts of the funds of the said trust estate as shall be available for investment and in the judgment of my trustee should be invested, rather than retained in an interest account or accounts in some approved bank or banks; to collect the rents, interest and profits from all of said trust property and pay the same, less proper administration expenses, to my said wife annually or at the end of such periods less than a year as to my said trustee shall seem best.
“ Upon the death of my said wife all of the corpus of said trust estate, then remaining in the hands of my said trustee, less proper administration expenses thereof, I direct to be paid to my son, Paul Cramer, if living, otherwise to his issue, if any, in equal parts, but if none, then to my nephew, Alan E. Murray.
‘1 direct my trustee to include in the assets of the above trust estate one-third (%) of any of the preferred stock and one-third (%) of any of the common stock of The White Linen Supply Laundries, Inc., my estate may own after the payment of my funeral expenses, proper and reasonable administration expenses of my estate, estate taxes and debts. The inclusion of said stock in the assets of said trust estate is not intended to be and shall not be in addition to such one-third part of my estate, but rather as part of the same.”
# * *
‘ ‘ seventh : Whatever securities I shall have at the time of my death I hereby approve and authorize my executor and trustee, hereinafter named, and his successor in office, if any, to retain the same as assets of my estate, notwithstanding they or some part of them may not constitute legal trust investments.
“ Also, I authorize and empower my executor and trustee, or his successor or successors in office, if any, to sell any or all of said securities whenever in his or their judgment it clearly and satisfactorily appears that to continue to hold them as assets *370 would be poor business and against the best interests of my estate and of those interested therein.
“It is my will that my executor and trustee, hereinafter named, shall not be required to give a bond or any other security to guaranty the faithful performance of his duties as executor of my estate and as trustee of any of the several trust estates of which I have appointed him trustee.”
This provision of the will sets up a trust providing for payment of the income to decedent’s widow, Helen N. Cramer, for the term of her life, and upon her death, the corpus of the trust estate to his son, Paul Cramer, if living, otherwise to his issue, and if none, then to his nephew, Alan E. Murray. All of the interested parties survive. Paul Cramer is now adjudicated incompetent and an inmate of Marey 'State Hospital. So far he has no issue or descendants. Among the assets of the corpus of the trust are 800 shares of common stock of the White Linen Supply Laundries, Inc., 286% shares of preferred stock of the White Linen Supply Laundries, Inc., and 6% shares of capital stock of the White Linen Supply Company uf Pittsburgh, Pennsylvania. It appears that all of the stock described was transferred to the original trustee when the trust was first funded.
This proceeding is brought by the substituted trustee under this provision of the will of decedent for the advice and direction of the court as to the sale of these shares of stock. The terms of the proposed contract of purchase and sale for which approval is sought are hereinafter set forth. Jurisdiction has been obtained by service of citation on all of the necessary parties. The court has appointed Willis P. Sargent, Esq., attorney, special guardian for the incompetent and he has appeared at the hearing and filed a very able report. Alan E. Murray has appeared in the proceeding by counsel. Helen N. Cramer has not appeared. The prospective purchaser under the proposed contract has appeared by counsel as has Atlas Linen Supply Co., Inc., a possible purchaser.
Counsel for Alan E. Murray, the contingent remainderman, urges that under the provisions of the will of decedent that the shares of stock referred to must remain in the trust estate and be distributed in kind to the remaindermen, whoever might qualify, at the termination of the life estate. A determination of this point is, of necessity, a prerequisite to consideration of the question of the propriety and necessity for direction by the court concerning the proposed sale of the securities.
While the general rule appears to be that a trustee does not have a power of sale of specific property directed by the testator *371 to be included in the corpus of the trust, this will yield to the express intention of the testator set forth in the will that the trustee be impowered to sell, and in such cases the power of sale will be upheld by the courts. (Matter of Wuppermann, 197 Misc. 94.) It has been held also that in such cases where a power of sale is not contained in the will that upon proper application the court can direct a sale by the trustee 1 ‘ where the best interests of the beneficiaries will be promoted by such sale ’ ’. (Matter of Roche, 233 App. Div. 236, mod. 259 N. Y. 458.) We think that the will in the case at bar clearly authorizes the trustee to sell the shares of stock which testator directed to be included in the trust. In paragraph third the trustee is given power to 11 invest and re-invest such part or parts of the funds * * * as shall be available for investment ”, paragraph seventh authorizes the trustee to retain securities testator may have at the time of his death and to “ sell any or all of said securities” under conditions which appear clearly to exist.
The court is therefore of the opinion and holds that the successor trustee in this case has a valid power of sale of the securities involved, not in any ivay limited or restricted by any possible claim that Alan E. Murray, the contingent remainderman, might have to receive the shares of stock in kind in the event that at the termination of the life estate he should then be entitled to the corpus of the trust estate. Our opinion in this respect is, we feel, fortified by the specific provisions of paragraph fifth of the will of decedent, setting up a separate trust in other specific shares of stock in the same corporation, in which the testator directed delivery of the specifically described shares of stock to the remainderman at the termination of the trust estate. Had the testator desired or intended a similar limitation on the securities in the trust estate created under paragraph third the conclusion is inescapable that he would have so provided specifically in reference to this trust. This, of course, he did not do.
Having determined that the successor trustee has under the will a valid power of sale of the securities in question, and therefore there being no necessity for the direction by the court as in a case where no such power is expressed in the will, the remaining question is whether the court should under the facts and circumstances of this case intervene and give advice and direction as to the proposed sale.
The rule in this connection is well stated in Matter of James (27 Misc 2d 312, 313) where the court states: “ Applications of this character [ie. for the advice and direction of the Surrogate as to the propriety, price, manner and time of sale of assets of the estate] are only granted by the Surrogate when it appears *372 that such unusual or peculiar circumstances exist as would render it inadvisable or inexpedient on the part of a personal representative of the estate to dispose of property belonging to an estate in the ordinary manner upon the executrix’ own responsibility Or to state the same rule in different language, the court will not, in the absence of unusual or peculiar circumstances substitute its judgment for that of the fiduciary in determining the advisability of such a sale.
In the court’s opinion the facts and circumstances of this case as presented fall far short of such unusual or peculiar circumstances as to require or make court intervention advisable. The shares of stock in the trust estate constitute a minority interest in closely held family corporations.
It would seem to be reasonably clear that the successor trustee should at this time exercise the judgment delegated to him by paragraph seventh of the will and arrange a sale of the shares of stock, and create a reasonably productive trust in place of one which appears to have been poorly productive of income and threatens to become completely unproductive of income if the stock is retained in the trust estate.
There are before the court the offer of Martin Abelove dated December 28,1964, and the clarification thereof by the attorney for the parties thereto and the offer of the Atlas Linen Supply Company, Inc.
There has also been reference to an oral offer of Alan Murray by his representative in open court, which offer would also seem to be on the same terms as that of the Atlas Linen Supply, whose representative in turn stated they would waive their offer in favor of Alan Murray.
'The offers are within $1,000 on the face, and the offers contemplate figures over $150,000 for the interest held by the trustee, there are many conflicting problems as to cash versus credit, tax savings, guarantees, and the ability and responsibility of individuals and corporations in different situations all of which are matters of sound business judgment and this court feels that it is not in a position to substitute its judgment for that of the trustee and his attorney who have dealt extensively with this problem over a number of years, it appearing that there is no claim of fraud or other special circumstances requiring the exercise of the power of the court beyond those matters of construction dealing with the rights 'of contingent remainder-man and the extent and availability of the powers of sale, already determined, the matter of the choice of offers, or sales being left to the trustee under the terms of the will.
*373 The court, therefore, in the exercise of its discretion declines to give any direction as to the price, terms and manner of sale, or to the selection of the purchaser, as these matters are properly under paragraph seventh within the judgment and discretion of the trustee.
Decree to be entered in accordance with this opinion.